## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re | ) |
| | ) Case No. 25-cv-5858 |
| Michael Scott Mogan | ) |
| | ) |
|     Debtor. | ) |
| | ) |
| ———————————————— | ) |
| | ) |
| Michael Scott Mogan | ) Hon. Rebecca R. Pallmeyer |
|     Plaintiff. | ) |
| | ) (Appeal From Orders of the United |
|     v. | ) States Bankruptcy Court for the |
| | ) Northern District of Illinois; |
| Sacks, Glazier, Franklin and Lodise LLP, | ) Adversary Proceeding No.23-0330 |
| Klinedinst, P.C. and Natasha Mayat | ) for Bankruptcy case 22-01957) |
|     Defendants. | ) |

_____

## APPELLANT'S OPENING BRIEF
_____

Michael Mogan
Law Office Of Michael Mogan
4803 N. Milwaukee Ave, Suite B, Unit #244
Chicago, IL 60657
mm@michaelmogan.com
Telephone: (773) 799-8477
Fax: (872) 702-6445
Attorney for Appellant

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS………………………………………………………………..i

TABLE OF AUTHORITIES ...................................................................................iii

JURISDICTIONAL STATEMENT……………………………………………………..1

STATEMENT CONCERNING ORAL ARGUMENT…………………………………..2

PRELIMINARY STATEMENT………………………………………………………..2

STATEMENT OF THE CASE………………………………………………………...3

    A.  Factual Background………………………………………………………3

    B.  Proceedings Below……………………………………………..………..5

SUMMARY OF THE ARGUMENT…………………………………………………..7

STANDARD OF REVIEW…………………………………………………………...10

ARGUMENT………………………………………………………………………...11

  A.  Appellant Plead A Claim Under The Fair Debt Collection Practices Act………...11

    1. Appellant Alleged Appellees Were Debt Collectors…………………………11

    2. Appellant Alleged Violations Under the FDCPA………………………………21

      a. Appellant Alleged Violations Pursuant To 15 U.S.C. § 1692j(a)……………..33

      b. Appellant Alleged Violations Pursuant To 15 U.S.C. §1692e………………..35

      c. Appellant Alleged Violations Pursuant To 15 U.S.C. §1692f…………………40

      d. Appellant Alleged Violations Pursuant To 15 U.S.C. §1692d……………...…41

  B.  If Necessary, Appellant Should Have Been Allowed Leave To Amend The Complaint……………………………………………………………………..41

CONCLUSION……………………...………………………………………………..42

CERTIFICATION OF INTERESTED PARTIES AS REQUIRED BY BAP RULE 8010 (a)-1 (b)……………………………………………………………44

CERTIFICATION OF RELATED CASES AS REQUIRED BY BAP RULE 8010 (a)-1(c)……...………………………………………………...45

**Page**

CERTIFICATE OF COMPLIANCE WITH RULE 8015, FRAP RULE 32(a)(7), FRAP RULE 32(g) and CR 32(c)……………………………………………………...46

STATEMENT CONCERNING THE APPENDIX……………………………………..48

REQUIRED SHORT APPENDIX……………………………………………………..49

CERTIFICATE OF SERVICE………………………………………………………51

# TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*Anthes v. Transworld Sys., Inc.,*
    765 F. Supp. 162 (D. Del. 1991)……………………………………………………..34

*AT&T v. Winback and Conserve Program, Inc.,*
    42 F.3d 1421 (3d Cir.1994)…………………………………………………………..35

*Avila v. Rubin,*
    84 F.3d 222 (7th Cir. 1996)…………………………………………………………..36

*Bartlett v. Heibl,*
    128 F.3d 497 (7th Cir. 1997)…………………………………………………………36

*Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.,*
    111 F.3d 1322 (7th Cir. 1997)…………………………………………………14,20

*Bauman v. Bank of Am., N.A.,*
    808 F.3d 1097 (6th Cir. 2015)……………………………………………………..21

*Beck v. Maximus, Inc.,*
    457 F.3d 291 (3rd Cir.2006)………………………………………………...22,26,27

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)………………………………………………………………...10

*Birster v. Am. Home Mortg. Servicing, Inc.,*
    481 F. App'x 579 (11th Cir. 2012)………………………………………………..12

*Bridge v. Ocwen Fed. Bank, FSB,*
    681 F.3d 355 (6th Cir.2012)………………………………………………………..26

*Brown v. Budget Rent-A-Car Systems, In*c.,
    119 F.3d 922 (11th Cir. 1997)……………………………………………………..31

*Buckman v. American Bankers Insurance Company of Florida*,
    115 F.3d 892 (11th Cir. 1997), aff'g 924 F.Supp. 1156 (S.D.Fla. 1996)……………...31

Page(s)

*Cleveland v. Porca Co.,*
    38 F.3d 289 (7th Cir.1994)……………………………………………………...11

*Corley v. United States,*
    556 U.S. 303 (2009)……………………………………………………………...25

*Cox v. Hilco Receivable, L.L.C.,*
    726 F.Supp.2d 659 (N.D.Tex.2010)……………………………………………37

*Delawder v. Platinum Financial Services Corp.,*
    443 F.Supp.2d 942 (2005), reconsideration denied in part,
    2007 WL 1245848 (S.D. Ohio Apr. 27, 2007)…………………………………37

*Drobny v. C.I.R,*
    113 F.3d 670 (7th Cir. 1996)……………………………………………………9,35

*Dunham v. Portfolio Recovery Associates, LLC,*
    663 F.3d 997 (8th Cir. 2011)……………………………………………….....26,27

*Dutton v. Wolhar,*
    809 F.Supp. 1130 (D.Del. 1992)……………………………………..8,23,27,28,29

*Fields v. Wilber Law Firm, P.C.,*
    383 F.3d 562 (7th Cir. 2004)……………………………………………………37

*Flowers v. Accelerated Bureau of Collections,*
    96-cv4003, 1997 WL 136313 (N.D.Ill. Mar 19, 1997) later opinion,
    1997 WL 224987, (N.D. Ill. Apr. 30, 1997)……………………………………29

*Fox v. Citicorp Credit Servs. Inc.,*
    15 F.3d 1507 (9th Cir. 1994)……………………………………………………17

*Frazier v. Absolute Collection Serv., Inc.,*
    767 F. Supp. 2d 1354 (N.D. Ga. 2011)………………………………………..11

*F.T.C. v. IAB Mktg. Assocs., LP,*
    746 F.3d 1228 (11th Cir. 2014)…………………………………………………33

**Page(s)**

*F.T.C. v. Williams, Scott & Assocs., LLC*,
    679 F. App'x 836 (11th Cir. 2017)……………………………………………………..33

*Garrett v. Derbes*,
    110 F.3d 317 (5th Cir. 1997)……………………………………………………………20

*Giarratano v. Johnson*,
    521 F.3d 298, 302 (4th Cir. 2008)……………………………………………………10

*Gburek v. Litton Loan Servicing LP*,
    614 F.3d 380 (7th Cir. 2010)…………………………………………………………41

*Gearing v. Check Brokerage Corp.*,
    233 F.3d 469 (7th Cir. 2000)…………………………………………………………37

*Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertollotti*,
    374 F.3d 56 (2d Cir. 2004)………………………………………………………...20

*Hahn v. Triumph P'ships LLC*,
    557 F.3d 755 (7th Cir. 2009)…………………………………………………………36

*Hale v. AFNI, Inc.*,
    08cv3918, 2010 WL 380906, (N.D.Ill., Jan. 26, 2010)…………………………………36

*Heathman v. Portfolio Recovery Associates, LLC*,
    12cv201, 2013 WL 755674 (S.D.Cal., Feb. 27, 2013)…………………………………37

*Heintz v. Jenkins*,
    514 U.S. 291 (1995)……………………………………………………...7,12,17,20

*Hernandez v. Williams, Zinman & Parham PC*,
    829 F.3d 1068 (9th Cir. 2016)………………………………………………………..17

*Hughey v. United States*,
    495 U.S. 411 (1990)……………………………………………………………………24

*In re Maxwell*,
    281 B.R. 101 (Bankr. D. Mass. 2002)………………………………………………37

Page(s)

*Jackson v. Blitt & Gaines, P.C.*,
    833 F.3d 860 (7th Cir. 2016)……………………………………………………24

*Janetos v. Fulton Friedman & Gullace, LLP*,
    825 F.3d 317 (7th Cir. 2016)……………………………………………..13,32,38

*Jeffries v. Wells Fargo Bank*, NA,
    No. 10-CV-5889, 2011 WL 5023396 (N.D. Ill. Oct. 19, 2011)………………………..18

*Keele v. Wexler*,
    149 F.3d 589 (7th Cir. 1998)……………………………………………………25

*Kistner v. Law Offices of Michael P. Margelefsky, LLC*,
    518 F.3d 433 (6th Cir. 2008)…………………………………………………...17,33

*Kuria v. Palisades Acquisition XVI, LLC*,
    1:09cv03321, 2010 WL 4780769 (N.D. Ga. 2010)…………………………………..37

*LeBlanc v. Unifund CCR Partners*,
    601 F.3d 1185 (11th Cir.2010)……………………………………………………11

*Loja v. Main St. Acquisition Corp.*,
    906 F.3d 680 (7th Cir. 2018)……………………………………………………24

*Long v. Main Street Acquisition Corp.*,
    No. 17-2477, 2018 WL 5077679 (7th Cir., Oct. 18, 2018)……………………………30

*Lox v. CDA*, Ltd.,
    689 F.3d 818 (7th Cir. 2012)…………………………………………………...36,40

*Mark v. J. C. Christensen & Assoc., Inc.*,
    09cv100, 2009 WL 2407700 (D.Minn. Aug. 4, 2009)…………………………………37

*Mazzei v. Money Store*,
    349 F. Supp.2d 651 (S.D.N.Y. 2004)……………………………………………..40

*McCollough v. Johnson, Rodenburg & Lauinger, LLC*,
    637 F.3d 939 (9th Cir.2011)……………………………………………………12

**Page(s)**

*McGown v. Silverman & Borenstein, PLLC,*
   No. 13-CV-748-RGA/MPT, 2014 WL 459793……………………………………...29

*McMahon v. LVNV Funding,*
   744 F.3d 1010 (7th Cir. 2014)……………………………………………………..38

*Montgomery v. Huntington Bank,*
   346 F.3d 693 (6th Cir.2003)………………………………………………………23

*Moses v. The Law Office of Harrison Ross Byck,*
   2009 WL 2411085 (M.D. 2009)…………………………………………………..14,18

*Patrick v. PYOD,*
   2014 U.S. Dist. LEXIS 116092 (S.D. Ind. August 20, 2014)…………………………38

*Phillips v. Asset Acceptance,*
   736 F.3d. 1076 (7th Cir. 2013)……………………………………………………37

*Phillips v. Cnty. of Allegheny,*
   515 F.3d 224 (3d Cir. 2008)…………………………………………………10,42

*Prickett v. BAC Home Loans,*
   946 F. Supp. 2d 1236 (N.D. Ala. 2013)…………………………………………..13

*Queen v. Walker,* 09cv3428,
   2010 WL 2696720 (D. Md. July 7, 2010)………………………………………30

*Reese v. Ellis, Painter, Ratterree & Adams, LLP,*
   678 F.3d 1211 (11th Cir. 2012)…………………………………………………13

*R.J.R. Servs., Inc. v. Aetna Casualty Surety Co.,*
   895 F.2d 279 (7th Cir. 1989)…………………………………………………10

*Riveria v. MAB Collections, Inc.,*
   682 F.Supp. 174 (W.D.N.Y. 1988)……………………………………………..38

Page(s)

*Roberts v. Sea-Land Services, Inc.,*
   566 U.S. 93 (2012)…………………………………………………………………25

*Rubin v. Islamic Rep. of Iran,*
   830 F.3d 470 (7th Cir. 2016)……………………………………………………… 25

*Russell v. Equifax A.R.S.,*
   74 F.3d 30 (2d Cir. 1996)…………………………………………………………36

*Savokinas v. Borough of Avoca,*
   2008 WL 2622904 (M.D. Pa. 2008)………………………………………………11,19

*Sayyed v. Wolpoff & Abramson,*
   485 F.3d 226 (4th Cir.2007)…………………………………………………………12

*Schlosser v. Fairbanks Capital Corp.,*
   323 F.3d 534 (7th Cir. 2003)…………………………………………………...26,30

*Scott v. O'Grady,*
   975 F.2d 366 (7th Cir. 1992)………………………………………………………10

*Shula v. Lawent,*
   359 F.3d 489 (7th Cir. 2004), aff'g 01cv4883,
   2002 WL 31870157 (N.D.Ill. Dec. 23, 2002)………………………………………...40

*Sokolski v. Trans Union Corp.,*
   53 F.Supp. 2d 307 (E.D.N.Y. 1999)………………………………………………40

*Stratton v. Portfolio Recovery Assocs., LLC,*
   770 F.3d 443 (6th Cir. 2014)………………………………………………………31

*Sturgeon v. Frost,*
   136 S.Ct. 1061 (2016)………………………………………………………………24

*Todd v. Collecto, Inc.,*
   731 F.3d 734 (7th Cir.2013)………………………………………………………27

Page(s)

*Todd v. Weltman, Weinberg & Reis Co.*,
    434 F.3d 432 (6th Cir. 2006)……………………………………………………37

*Villareal v. Snow*, 95cv2484,
    1996 WL 28254, 1996 WL 28282 (N.D.Ill. Jan. 19, 1996)……………………………38

*Wahl v. Midland Credit Mgmt.*,
    556 F.3d 643 (7th Cir. 2009)…………………………………………………36

*Wallace v. Washington Mut. Bank, F.A.*,
    683 F.3d 323 (6th Cir. 2012)…………………………………………………21

*Wells Fargo Bank, Nat. Ass'n v. Lake of the Torches Econ. Dev. Corp.*,
    658 F.3d 684 (7th Cir. 2011)…………………………………………………25

*West v. Costen*,
    558 F.Supp. 564 (W.D.Va. 1983)…………………………………………...35,38

*Whatley v. Universal Collection Bureau*,
    525 F.Supp. 1204 (N.D.Ga. 1981)………………………………………...38

*Wise v. Zwicker & Assocs., P.C.*,
    780 F.3d 710 (6th Cir. 2015)…………………………………………………21

*Wood v. Capital One Servs., LLC*,
    718 F. Supp. 2d 286 (N.D.N.Y. 2010)……………………………………………40

*Woods v. Barnett Bank of Ft. Lauderdale*,
    765 F.2d 1004 (11th Cir. 1985)…………………………………………………33

*Wright v. Fin. Serv. of Norwalk, Inc.*,
    22 F.3d 647 (6th Cir.1994)…………………………………………………..22,33

**Federal Statutes**

15 U.S.C. §1692a(3)…………………………………………………………passim

15 U.S.C. §1692a(5)…………………………………………………………26,31

**Page(s)**

15 U.S.C. §1692a(6)………………………………………………………………………passim

15 U.S.C. §1692a(6)(e)…………………………………………………………...16,17,42

15 U.S.C. §1692a(6)(F)……………………………………………………………………30

15 U.S.C. §1692c…………………………………………………………………...3,8,9,14

15 U.S.C. §1692c(b)…………………………………………………………………………41

15 U.S.C. §1692(e)……………………………………………………………………………11

15 U.S.C. §1692d………………………………………………………………………3,9,31

15 U.S.C. §1692e…………………………………………………………………14,35,36

15 U.S.C. §1692f…………………………………………………………………………...40

15 U.S.C. §1692g……………………………………………………………………………14

15 U.S.C. §1692j(a)……………………………………………………………2,8,33,34

15 U.S.C. §1692j(b)…………………………………………………………………9,34

15 U.S.C. §1692(6)……………………………………………………………………14

15 U.S.C. §1692k………………………………………………………………..passim

15 U.S.C. §1692k(a) …………………………………………………………21,22,27,40

28 U.S.C. §157(a)……………………………………………………………………...1

28 U.S.C. §157(b)……………………………………………………………………...1

28 U.S.C. §157(b)(1)……………………………………………………………………1

28 U.S.C. §157(b)(2)(K) ……………………………………………………………1

**Page(s)**

28 U.S.C. §1334(a)………………………………………………………………………..1

**Rules**

Circuit Rule 32(c)………………………………………………………………46

Fed. R. App. P. 32(a)(7)………………………………………………………..46

Fed. R. App. P. 32(g)………………………………………………………...46

Fed. R. Bankr. 8002(a)(1)……………………………………………………….1

Fed. R. Bankr. 8015

Fed. R. Civ. P. 15(a)…………………………………………………………9,42

Local Rule 40.3.1………………………………………………………………...1

**Other Authorities**

Antonin Scalia & Bryan A. Garner, Reading Law 116 (2012)……………………………...25

FTC Staff Commentary, 53 Fed.Reg. 50097–02, 50106 (Dec. 13, 1988)……………………27

H.R.Rep. No. 131, 95th Cong. 1st Sess. 8…………………………………………...22,23,28

S.Rep. No. 382, 95th Cong. 1st Sess. 4 reprinted in 1977 U.S.Code Cong.
    & Admin.News 1695, 1699…………………………………………………….22,32

H.R.Rep No. 1202, 94th Cong.2d Sess. 5………………………………………………23

S. Rep. No. 382, 95th Cong., 1st Sess. 5……………………………………………34

## JURISDICTIONAL STATEMENT

Michael Mogan ("Appellant") appeals from the order of the United States Bankruptcy Court for the Northern District of Illinois dismissing Appellant's adversary complaint that alleged a Fair Debt Collection Practices Act ("FDCPA") claim against two law firms Sacks, Glazier, Franklin and Lodise LLP ("SGFL LLP") and Klinedinst, P.C., and attorney Natasha Mayat (Cleary, D.)("Bankruptcy Court") who filed a fraudulent proof of claim seeking to collect a phantom debt from Appellant. The order was entered in the chapter 11 bankruptcy case (Case No. 22-01957) ("Case") of Appellant.

The bankruptcy court below had jurisdiction to enter the order on appeal in this case pursuant to 28 U.S.C. Section 157(a) and (b). This Court has jurisdiction over bankruptcy cases under 28 U.S.C. Section 1334(a) and has referred such cases to the Bankruptcy Court, as authorized under 28 U.S.C. Section 157(a), by this Court's Local Rule 40.3.1. The bankruptcy courts have authority under 28 U.S.C. Section 157(b)(1) to enter orders in core proceedings. The order on appeal involved matters concerning the administration of the estate thus was a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(K). The order dismissing appellants' adversary proceeding was entered on May 23, 2025. Appellant filed his notice of appeal on May 26, 2025 thus within 14 days of entry of the dismissal order, as required by Fed. R. Bankr. 8002(a)(1).

## STATEMENT CONCERNING ORAL ARGUMENT

Appellant can defer to the District Court for a determination of whether to schedule oral arguments based upon whether the dispositive issue or issues have been authoritatively decided; or whether the facts and legal arguments are adequately presented in the parties briefs and record, and whether the decisional process would be significantly aided by oral argument.

## PRELIMINARY STATEMENT

Appellant alleged in the second amended complaint that Sacks, Glazier, Franklin and Lodise LLP, Klinedinst, P.C. and Natasha Mayat (collectively "Appellees") were debt collectors and demanded payment from Debtor, Michael Mogan ("Appellant"), for a phantom debt, in filing a proof of claim for SGFL LLP thus Appellees were attempting to collect a debt from Appellant. Public records in the bankrupct case also established Appellees were acting as debt collectors. In addition, Appellant alleged Klinedinst PC and Ms. Mayat worked at a law firm with a bankruptcy practice. Thus Appellant described enough facts in the second amended complaint to raise the reasonable expectation that discovery will reveal evidence of each necessary element of the claims alleged in the complaint including that Appellees were debt collectors.

Although the FDCPA primarily focuses on debts incurred by individuals for personal, family or household purposes, section 1692e of the FDCPA specifically prohibits debt collectors from using false, deceptive or misleading representations in

the collect of any debt. This means that even if a debt is not a consumer debt, a debt collector cannot use false or misleading tactics to collect it. Under 1692c, debt collectors are also prohibited from using false, deceptive or misleading misrepresentations to collect a debt. Furthermore, Appellant alleged a violation under Section 1692d of the FDCPA which also prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.  15 U.S.C 1692j(a) also states it is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

Finally, Appellant contends the second amended complaint was well plead however leave to amend should have been given to address the Court's discussion of the nature of Klinedinst P.C.'s bankruptcy practice although Appellant contends this is an issue best addressed during discovery. For all such reasons the Court erred in granting Appellees motion to dismiss.

## STATEMENT OF THE CASE

A. <u>Factual Background</u>

On February 22, 2022 Appellant filed a chapter 13 bankruptcy petition (Appendix Volume II pp. 1-35, (hereafter "App. II," 1-35) which he converted to a

Chapter 11 petition on April 4, 2022. App. II, 77. On November 28, 2022, Klinedinst P.C. filed a proof of claim signed by Natasha Mayat claiming Appellant owed SGFL LLP $16,399 for an attorney fees obligation. App. V, 619-621. On July 4, 2023, Appellant filed an objection to the SGFL proof of claim (App. II, 94-136) which objection he amended. App. II, 137-186. On September 19, 2023, SGFL LLP filed a response to Debtor's objection to their proof of claim (App. II, 187-254) and on October 4, 2023, SGFL LLP filed another response to Debtor's objection. App. II, 255-319. On October 4, 2023, Appellant filed a reply. App. II, 320-344. On October 11, 2024, the Court entered a pretrial order and scheduled an evidentiary hearing for December 13, 2023. App. II, 345-348.  A day later on October 12, 2023, Klinedinst PC and Ms. Mayat now filed a second proof of claim for $16,399 for Sacks Ricketts Case LLP for an attorney fees obligation. App. V, 622-684.

On October 31, 2023, Appellant filed an objection to Sacks Ricketts and Case LLP's proof of claim. App. II, 356-403, App. III.,1-68.  On October 31, 2023, Appellant filed a motion to continue the December 13, 2023 evidentiary hearing since Appellant's objection to Sacks Ricketts and Case LLP proof of claim was now also pending. App. III., 169-146. On November 15, 2023 the Court vacated the pretrial order and thus no December 2023 evidentiary hearing occurred. App. III, 147. On December 1, 2023, Klinedinst P.C. filed a response to Appellant's objection to the Sacks Ricketts and Case LLP proof of claim requesting the Court overrule the objection (App. III, 148-154) and

then Appellant filed his reply. App. III, 155-167. On December 20, 2023, Klinedinst PC filed a supplement to their response to Appellant's objection to the Sacks Ricketts Case LLP proof of claim. App. III, 168-178. On February 7, 2024 Appellant filed a motion to compel discovery from SGFL LLP. App. III, 227-254, App. IV, 1-224. On February 11, 2024, Appellant also filed a motion to compel discovery from Sacks Ricketts Case LLP. App. IV. 125-325. On February 13, 2024 Klinedinst PC filed separates response to (1) Appellant's motion to compel discovery from SGFL LLP (App. IV, 326-454) and (2) Appellant's motion to compel discovery from Sacks Ricketts Case LLP. App. IV, 455-484.

On February 27, 2024, Klinedinst PC filed a motion to withdraw the SGFL LLP proof of claim (App. IV, 585-599) which the Court granted March 6, 2024. App. IV, 600. On March 6, 2024, Klinedinst PC filed Sacks Ricketts and Case LLP's privilege log. App. IV. 601-622. Appellant then filed his inventory for his motion to compel discovery from Sacks Ricketts Case LLP. App. IV. 623-624, App. V, 1-9. On April 12, 2024, Appellant filed a sur-reply to his motion to compel discovery from Sacks Ricketts Case LLP. App. V, 10-21.  On May 7, 2024 Klinedinst P.C. filed a motion to withdraw the Sacks Ricketts Case LLP proof of claim. App. V,22-30.

B.  Proceedings Below

On October 26, 2023, Appellant filed an adversary complaint against Appellees. App. V, 75-81. On November 27, 2023, Appellees filed a motion to dismiss. App. V, 82

5

-98, 99-146. On December 4, 2023, Appellant filed an opposition to the motion to dismiss. App. V, 147-161, 162-172. On March 27, 2024, Appellant filed a first amended complaint. App. V, 173-182. On April 2, 2024, Appellees filed their second motion to dismiss. App. V, 183-197,198-244. On April 30, 2024, Appellant filed an opposition to the motion to dismiss. App. V 247-261, 262-272. On May 10, 2024, App. V, 273-281, 282-284. On September 12, 2024, the Court granted Appellees motion to dismiss the first amended complaint. App. V 297-312, 313.

On September 17, 2024, Appellant filed a motion for relief from judgment under Fed. R. Civ. P. 59(e) (App. V, 315-336,337-362) which the Court granted October 2, 2024. App. V, 363. On October 4, 2024, Appellees filed a Motion for Relief from Failure to Oppose Plaintiff's Rule 59(e) Motion. App. 364-370, 371-380 and the same day they filed an opposition to Appellant's motion for relief from judgment. App. V, 381-401, 402-469. On October 11, 2024, Appellant filed an objection to Appellees motion for relief from failure to oppose Plaintiff's Rule 59(e) Motion (App. V, 470-475,476-480). On October 16, 2024, Appellant filed the second amended complaint. App. V, 481-495. The Court denied Appellees motion for reconsideration of the order granting Plaintiff's Rule 59(e) motion for relief from judgment. App. V, 496-497. On November 5, 2025, Appellant filed a motion to dismiss the second amended complaint. App. V, 500-527. On November 26, 2024, Appellant filed an opposition to Appellees motion to dismiss (App. V, 532-555) and Appellees filed their reply December 4, 2024. App. V, 556-565. On

May 23, 2025, the Court granted Appellees Rule 12(b)(6) motion to dismiss the second amended complaint. App. V, 566-583. On May 26, 2025, Appellant filed a notice of appeal. App. V, 584-612.

**SUMMARY OF THE ARGUMENT**

The Supreme Court held in *Heintz v. Jenkins* that a "debt collector" includes an attorney who " 'regularly' engage[s] in consumer-debt-collection activity, even when that activity consists of litigation." 514 U.S. 291, 299 (1995). Appellant alleged in the second amended complaint that Sacks, Glazier, Franklin and Lodise LLP, Klinedinst, P.C. and Natasha Mayat (collectively "Appellees") were debt collectors and demanded payment from Debtor, Michael Mogan ("Appellant"), for a phantom debt, in filing a proof of claim for SGFL LLP thus Appellees were attempting to collect a debt from Appellant. Appellees also opposed Appellant's objections to the SGFL LLP proof of claim and did not withdraw the proof of claim until approximately fifteen months after it was originally filed. Klinedinst PC also filed a second proof of claim for Sacks Ricketts Case LLP ("SRC LLP") and opposed Appellant's objection to this proof of claim as well thus the record is clear Appellees were acting as debt collectors. In addition, Appellant alleged Klinedinst PC and Ms. Mayat worked at a law firm with a bankruptcy practice where partner Jonathan Cahill has represented creditors in all aspects of Chapter 11 bankruptcy cases, appeals, and adversary proceedings. In filing the proof of claim Appellees used any instrumentality of interstate commerce or the mails in any business

the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." §1692a(6). Appellant had standing under the FDCPA on two grounds: under the definition of "consumer", and as any person harmed by unfair debt collection practices. *Dutton*, 809 F.Supp. at 1134 Thus Appellant described enough facts in the second amended complaint to raise the reasonable expectation that discovery will reveal evidence of each necessary element of the claims alleged in the complaint including that Appellees were debt collectors.

Although the FDCPA primarily focuses on debts incurred by individuals for personal, family or household purposes, section 1692e of the FDCPA specifically prohibits debt collectors from using false, deceptive or misleading representations in the collect of any debt. This means that even if a debt is not a consumer debt, a debt collector cannot use false or misleading tactics to collect it. Under 1692c, debt collectors are also prohibited from using false, deceptive or misleading misrepresentations to collect a debt. Phantom debt refers to debts that do not exist, have already been paid or are illegally inflated. 1692c prohibits debt collectors from misrepresenting the amount of debt and 1692c also prohibits unfair or unconscionable practices by debt collectors because the debt amount is unauthorized. The communication by the debt collector that forms the basis of the suit must have been made "in connection with the collection

8

of any debt. §§1692c(a)–(b) which Appellant alleged. This means that even if a debt is not a consumer debt, 1692c applies since it applies to any debts.

Furthermore, Appellant alleged a violation under Section 1692d of the FDCPA which also prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.  15 U.S.C 1692j(a) does not specifically use the phrase phantom debts but it states it is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating. 15 U.S.C 1692j(b) also states that any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under section 1692k of this title for failure to comply with a provision of this subchapter. Appellant also alleged Appellees were seeking a consumer debt as they had a profit motive. *Drobny v. C.I.R*, 113 F.3d 670, 673 n.5 (7th Cir. 1996)

Finally, Appellant contends the second amended complaint was well plead however leave to amend pursuant to Fed. R. Civ. P. 15(a) should have been given to address the Court's discussion of the nature of Klinedinst P.C.'s bankruptcy practice although Appellant contends this is an issue best addressed during discovery. For all such reasons the Court erred in granting Appellees motion to dismiss.

9

**STANDARD OF REVIEW**

The Court reviews a grant of a motion to dismiss de novo. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992). A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A plaintiff must allege sufficient facts, which, if proven, would entitle him to relief under a cognizable legal claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). Thus, a case should be dismissed if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

The Court is not, however, required "to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law.'" *Scott*, 975 F.2d at 368 (quoting *R.J.R. Servs., Inc. v. Aetna Casualty Surety Co.*, 895 F.2d 279, 281 (7th Cir. 1989). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556. Detailed, factual allegations are not necessary, but the plaintiff does have to provide the "grounds of his entitlement to relief." *Bell Atl. Corp. v. Twombly* 550 U.S. at 555. In deciding whether relief is plausible on its face, the court should consider the allegations in the complaint, any exhibits attached and matters of public record.

*Savokinas v. Borough of Avoca,* 2008 WL 2622904 (M.D. Pa. 2008). The denial of leave to amend a complaint is reviewed for abuse of discretion. *Cleveland v. Porca Co.,* 38 F.3d 289, 297 (7th Cir.1994).

**ARGUMENT**

### A. Appellant Plead A Claim Under The Fair Debt Collection Practices Act

The FDCPA aims to remedy abusive, deceptive, and unfair debt collection practices by imposing civil liability on "debt collectors" who engage in certain prohibited conduct. 15 U.S.C. §1692(e), et seq.; *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir.2010). Among other things, the FDCPA prohibits debt collectors from engaging in actions likely to "harass, oppress, or abuse any person." §1692d.

These prohibitions are enforced through administrative action and private lawsuits. Ultimately, to prevail on a claim under the FDCPA, a plaintiff must establish: (1) [he or she] [has] been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011).

1. Appellant Alleged Appellees Were Debt Collectors

The FDCPA's prohibitions only apply to "debt collectors." 15 U.S.C. §1692, et seq. Thus, "whether an individual or entity is a 'debt collector' is determinative of

11

liability under the FDCPA." *Birster v. Am. Home Mortg. Servicing, Inc.*, 481 F. App'x 579, 582 (11th Cir. 2012). The FDCPA defines a debt collector as one who "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." §1692a(6).

The Supreme Court held in *Heintz v. Jenkins* that a "debt collector" includes an attorney who " 'regularly' engage[s] in consumer-debt-collection activity, even when that activity consists of litigation." 514 U.S. 291, 299 (1995). Other circuits considering related questions have similarly held that the FDCPA applies to litigation-related activities that do not include an explicit demand for payment when the general purpose is to collect payment. See, e.g., *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir.2011) ("The district court correctly held that [the defendant's] service of false requests for admission violated the FDCPA as a matter of law."); *Sayyed v. Wolpoff & Abramson,* 485 F.3d 226, 228, 230–32 (4th Cir.2007) (holding that the FDCPA applied to allegedly erroneous statements made in interrogatories and a summary judgment motion during the course of a state-court debt-collection suit).

To collect is "[t]o call for and obtain payment of," or "[t]o recover control of." Collect, AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE (4th ed. 2006). The statute goes on to say that one may be a debt collector, even if his

collecting is done indirectly. It seems one who indirectly collects a debt must nonetheless take part in the initial securing of the debt—for example, a principal who hires an agent to send collection letters. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325 (7th Cir. 2016)("A debt collector should not be able to avoid liability for unlawful debt collection practices simply by contracting with another company to do what the law does not allow it to do itself." (emphasis added)). See also *Prickett v. BAC Home Loans*, 946 F. Supp. 2d 1236, 1249 (N.D. Ala. 2013) ("[T]he relevant test of whether an entity is a debt collector under the FDCPA is whether the statutory definition applies, not whether the entity has ever stated in a document that it is a debt collector."); see also *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1217 (11th Cir. 2012) (finding the defendant would qualify as a debt collector "[i]n light of all th[e] language stating that the law firm is attempting to collect a debt").

Appellant alleged in part:

"On November 28, 2022, Defendant Sacks Glazier Franklin and Lodise filed a sworn proof of claim (Claim No. 7-1) in Plaintiff's Bankruptcy Case. A true and correct copy of that claim is attached as Exhibit A. In the claim, Defendant SGFL alleged that Plaintiff was originally obligated to Defendant Sacks Glazier Franklin and Lodise for an "Attorney Fees Obligation" in the amount of $16,399. Claim No. 7-1 was executed by Sacks Glazier Franklin and Lodise's attorney Natasha Mayat and with the following affirmation: "I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct. I declare under penalty of perjury that the foregoing is true and correct." App. V, p. 484. SAC ¶12.

The primary goal of the FDCPA is to protect consumers from abusive, deceptive, and unfair debt collection practices, including threats of violence, use of obscene

13

language, certain contacts with acquaintances of the consumer, late night phone calls, and simulated legal process." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997). Broadly, it prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The FDCPA limits the practices of debt collectors also by regulating debt collectors' communications with consumers, id. §1692c, prohibiting specific forms of harassment and abuse, id. §1692d, defining certain conduct as per se "unfair or unconscionable," id. § 1692f, and requiring certain disclosures by debt collectors to consumers about the debt being collected, id. §1692g. The FDCPA requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d–1692g. Regarding the terminology in question, a debt collector is broadly defined as one who attempts to collect debt owed or due or asserted to be owed or due another. *Moses v. The Law Office of Harrison Ross Byck, PC et al.*, 2009 WL 2411085 (M.D. Pa.) *3 (quoting 15 U.S.C. §1692a(6)).

Appellant also alleged "By filing Claim No. 7-1, Defendants sought to collect a debt which they represented and claimed was owed by Appellant to Sacks Glazier Franklin and Lodise and for which they sought payment in the Bankruptcy Case (App. V, 484; SAC ¶14) thus any fees described in any void order are irrelevant.

Generally, the FDCPA covers the activities of a "debt collector." In addition, "the term includes any creditor who, in the process of collecting his own debts, uses any

14

name other than his own which would indicate that a third person is collecting or attempting to collect such debts," and for purposes of 15 U.S.C. §1692(6), it "also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests."

Appellant also alleged "Defendant Klinedinst PC and one of their attorneys Defendant Natasha Mayat on behalf of Sacks Glazier Franklin and Lodise LLP used an instrumentality of interstate commerce in electronically filing proof of claim as part of their a business the principal purpose of which is the collection of a debt from Plaintiff. Andy Servais is also a partner at Klinedinst PC and appeared on behalf of Sacks Glazier Franklin and Lodise LLP before the Sacks Glazier Franklin and Lodise withdrew proof of claim." App. V, 484-485; SAC ¶15.

Appellant alleged: "The law firm of Klinedinst PC's operates a bankruptcy practice which is led in large part by partner Jonathan Cahill who is extremely well-versed in bankruptcy law, and has defended against bankruptcy litigation, alleged violations of the automatic stay, discharge injunction, and confirmed plan terms. He has represented creditors in all aspects of Chapter 11 bankruptcy cases, appeals, and adversary proceedings. Mr. Cahill has advised clients on a national level regarding bankruptcy law and procedure, provided guidance to local counsel, negotiated claim treatment stipulations, mediation of bankruptcy disputes, and sales of real property.

Thus Defendants Klinedinst PC's and Natasha Mayat regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. See 15 U.S.C. §1692a(6)(e)." App. V, 485, SAC ¶16.

Appellant alleged "[Appellees] Klinedinst PC and Natasha Mayat regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." (App V, 485, SAC ¶16) and "[Appellees] Klinedinst PC's and Natasha Mayat regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." ((App V, 485, SAC at ¶16 (e)). Appellant also plead "The term debt collector includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts, and for purposes of 15 U.S.C. §1692(6) and [Appellees] were acting as debt collectors as they attempted to collect a debt based on an order describing an attorney fee obligation owed to Sacks Ricketts Case LLP, Michele Floyd and Jacqueline Young" ((App V, 485, SAC¶18). Thus Appellant alleged much more that just a conclusory label that Appellees were "debt collectors" as Appellant alleged facts that Klinedinst PC's and Ms. Mayat attempted to collect a debt from Appellant, that Klinedinst PC represented creditors in all aspects of Chapter 11 bankruptcy cases, appeals, and adversary proceedings and the complaint alleged Appellees regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. See 15 U.S.C. §1692a(6)(e). Thus

Appellant alleged enough facts to raise the reasonable expectation that discovery will reveal evidence of each necessary element of the claims alleged in the complaints." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).

In *Heintz v. Jenkins*, the Supreme Court held that the FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity." 514 U.S. 291, 299 (1995). Congress intended that lawyers be subject to the Act whenever they meet the general 'debt collector' definition. Id. at 294-95. *Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1071 n. 1 (9th Cir. 2016)(the FDCPA applies to attorneys who regularly engage in debt-collection activity "even if the attorney is acting on behalf of a debt-collector client.")(citing *Fox v. Citicorp Credit Servs. Inc.*, 15 F.3d 1507, 1513 (9th Cir. 1994).

Furthermore, if Natasha Mayat was engaged in debt collection, then so was Klinedinst P.C. See *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438, 441–42 (6th Cir. 2008) (finding that the sole member of a law office—and one of its only two attorneys—could be personally liable for a form collection letter that allegedly violated the FDCPA even without evidence that he actually mailed the letter, but remanding the case to determine whether the letter was in fact "deceptive" under the FDCPA).

In *Jeffries v. Wells Fargo Bank*, NA, No. 10-CV-5889, 2011 WL 5023396, at *5 (N.D. Ill. Oct. 19, 2011) Jeffries had only conclusory alleged that "all defendants are debt

collectors" and the Court concluded the Court is not required to accept conclusory allegations as true. Here however no such conclusory allegations existed as Appellant specifically alleged factual allegations when Appellant alleged Appellees were well versed in bankruptcy law and have defended against bankruptcy litigation. (App V, 485; SAC ¶16) Appellant alleged Klinedinst PC's has represented creditors in all aspects of Chapter 11 bankruptcy cases, appeals, and adversary proceedings as well. Appellant alleged Klinedinst PC's and Natasha Mayat regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Id. Appellant also alleged Klinedinst PC's operates a bankruptcy practice not only Jonathan Cahill. Id. In addition, Appellant alleged [Appellees] were acting as debt collectors as they attempted to collect a debt based on an order describing an attorney fee obligation owed to Sacks Ricketts Case LLP, Michele Floyd and Jacqueline Young" (App V, 485, SAC¶18). See, e.g., *Moses v. The Law Off. Of Harrison Ross Byck,* 2009 WL 2411085, *3 (M.D. Pa. Aug. 4, 2009) (finding allegations that defendant "was engaged in the business of debt collection, acquired the purported debt after it was in default, and enlisted DBG and the Law Office to collect the debt" sufficient at motion to dismiss stage). The issue whether Appellees were debt collectors was raised at the pleading stage, and the Court needed to only determine whether Appellant's allegations are sufficient to survive Appellees motion to dismiss. The allegation that Appellees attempted to collect a debt based on an attorney fee obligation is sufficient to bring the

claim within the scope of the FDCPA. The filing of the proof of claim was an opening communication in an attempt to collect a debt from Appellant via the proof of claim or otherwise. This qualifies as a communication in connection with an attempt to collect a debt. Klinedinst PC and Ms. Mayat were acting on behalf of SGFL LLP's behalf when Appellees filed the proof of claim.

In deciding whether relief is plausible on its face, the court should consider the allegations in the complaint, any exhibits attached, and matters of public record. *Savokinas v. Borough of Avoca,* 2008 WL 2622904 (M.D. Pa. 2008). Thus in addition, in considering the public record of the bankruptcy proceedings, Appellees not only filed the SGFL LLP proof of claim but they also filed opposition papers to Appellant's objection to the SGFL proof of claim while trying to collect a debt and Appellees engaged in a discovery dispute with Appellant which required Appellant to file a motion to compel discovery while Appellees continued to oppose Appellant's objection to the SGFL LLP proof of claim. Appellees also did not withdraw the SGFL proof of claim until February 27, 2024 which was approximately fifteen months after it was originally filed. (App. IV, 585-599). Klinedinst PC also sought to collect a debt in filing the Sacks Ricketts Case LLP proof of claim and in opposing Appellant's objection to this claim as well. Thus Appellant was forced to file a second objection to this proof of claim and another motion to compel discovery while Klinedinst P.C. sought to collect this debt too which proof of claim they did not withdraw until May 7, 2024. App. V, 22-30.

Lawyers who "regularly" collect consumer debts are also covered. *Heintz v. Jenkins*, 514 U.S. 291 (1995). "Regularly" does not require a very substantial percentage. "[A] person may regularly render debt collection services, even if these services are not a principal purpose of his business. Indeed, if the volume of a person's debt collection services is great enough, it is irrelevant that these services only amount to a small fraction of his total business activity; the person still renders them 'regularly.'" *Garrett v. Derbes*, 110 F.3d 317, 318 (5th Cir. 1997). In *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertollotti*, 374 F.3d 56 (2d Cir. 2004), the court held that a trier of fact could find a law firm was subject to FDCPA based on 145 demands during one year even though attorney only received $5,000 in revenues amounting to 0.05% of its $10,000,000 revenue over that period. Here Appellees were seeking over triple such $5,000 amount in this case as Appellees were attempting to collect a debt of $16,399. Thus Appellant had sufficiently plead enough facts to make it plausible that Appellees are debt collectors for purposes of the FDCPA. Appellant alleged that Appellees were engaged in the business of debt collection, seeking to collect a phantom debt and SGFL LLP enlisted Klinedinst PC and Ms. Mayat to collect the debt. Although Appellees contest this, Appellant provided enough at this stage to convince the Court that more evidence is needed before determining Appellees were a debt collector under the Act.

2. **Appellant Alleged Violations Under The FDCPA**

To prevail on a claim under the FDCPA, a plaintiff must show that (1) he or she is a " 'consumer' as defined by the FDCPA, (2) the 'debt' arose out of transactions which are 'primarily for personal, family or household purposes[,]' (3) the defendant is a 'debt collector' as defined by the FDCPA, and (4) the defendant violated the prohibitions set forth in §1692e." *Bauman v. Bank of Am., N.A.*, 808 F.3d 1097, 1100 (6th Cir. 2015) (quoting *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012)). To establish liability, "a plaintiff does not need to prove knowledge or intent ....nor must he show actual damages, which 'places the risk of penalties on the debt collector that engages in activities which are not entirely lawful, rather than exposing consumers to unlawful debt-collector behavior without a possibility for relief." *Wise v. Zwicker & Assocs., P.C.*, 780 F.3d 710, 713 (6th Cir. 2015) (quoting *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 449 (6th Cir. 2014)). "In other words, if a debt collector seeks fees to which it is not entitled, it has committed a prima facie violation of the Act[.]" Id. The breadth of the phrase "any obligation or alleged obligation" is not limited to a particular set of obligations. *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1325 (7th Cir. 1997)

The enforcement provision of the FDCPA imposes liability on any debt collector who fails to comply with the statute's provisions "with respect to any person." 15 U.S.C. § 1692k(a) (emphasis added). Consequently, absent a limitation in the substantive

provisions of the FDCPA, any aggrieved party, not just a debtor, may bring an action under the statute. Cf. *Wright v. Fin. Serv. of Norwalk, Inc.,* 22 F.3d 647, 649–50 (6th Cir.1994); see also *Beck v. Maximus, Inc.,* 457 F.3d 291, 294 (3rd Cir.2006) (noting that the FDCPA "is intended to protect both debtors and non-debtors from misleading and abusive debt-collection practices").

A reading of the plain language of the Act demonstrates that §1692k does not limit recovery to "consumers." Instead, it imposes liability where a debt collector has failed to comply with the Act with respect to "any person." 15 U.S.C. §1692k.  The legislative history of the FDCPA supports this reading of the Act. As noted by House Report 95–131:

> This bill also protects people who do not owe money at all. In the collector's zeal, collection effort are often aimed at the wrong person either because of mistaken identity or mistaken facts. This bill will make collectors behave responsibly towards people with whom they deal. Another group of people who do not owe money, but who may be deliberately harassed are the family, employer and neighbors of the consumer. These people are also protected by this ... bill. H.R.Rep. No. 131, 95th Cong. 1st Sess. 8.

It was Congress's intent to protect people other than debtors, such as Appellant, who are subject to harassment by debt collectors. See also S.Rep. No. 382, 95th Cong. 1st Sess. 4 reprinted in 1977 U.S.Code Cong. & Admin.News 1695, 1699 (noting one purpose of Act is to prevent debt collectors from "dunning the wrong person...."); H.R.Rep No. 1202, 94th Cong.2d Sess. 5 ("Certainly a person who has a common name and is being hounded by a debt collector because of the debts of another person

deserves the protection this legislation will offer."). See *Dutton v. Wolhar*, 809 F.Supp. 1130, 1134–35 (D.Del.1992) (quoting H.R.Rep. No. 131, 95th Cong. 1st Sess. 8) (holding that, in enacting the FDCPA, "[i]t was Congress's intent to protect people other than debtors....who are subject to harassment by debt collectors").

Furthermore, at least three of the FDCPA provisions relied on by Appellant contain no limitation as to who may invoke them. See 15 U.S.C. §§ 1692d, 1692e, 1692f. Indeed, §1692d provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." (emphasis added). Thus, by its express terms, any person—not just any debtor—who is the subject of abusive debt collection efforts may bring suit pursuant to §1692d.

Although § 1692e does not explicitly apply to "any person," it broadly prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Thus the prohibitions under 1692e do not only apply to consumer debts but any debts. Reading this provision in conjunction with §1692k(a), courts have properly interpreted §1692e to mean that "any aggrieved party" may bring an action under the provision. *Montgomery v. Huntington Bank,* 346 F.3d 693, 697 (6th Cir.2003) (quoting Wright, 22 F.3d at 649–50). Similarly, §1692f states that debt collectors "may not use unfair or unconscionable means to collect or attempt to collect

any debt." Consequently, as under §1692e, any person who has been harmed by an unfair or unconscionable debt collection practice has standing to bring a claim under § 1692f. Thus, the district court erred in holding that Appellant as a non-debtor may not bring suit under the FDCPA. Here, Appellees, in filing the fraudulent proof of claim and opposing Appellamt's objection, sought to collect a "debt" from Appellant. Appellant alleges that in so doing, Appellees violated the FDCPA with respect to him. Such allegations are sufficient to permit Appellant to bring a claim under the FDCPA.

Where, as here, Appellant maintains that the underlying debt was not his, he can nonetheless claim FDCPA protection by showing that the debt collector treated him as a "consumer" allegedly owing a consumer debt. *Loja v. Main St. Acquisition Corp.,* 906 F.3d 680, 684 (7th Cir. 2018) (holding "that the definition of 'consumer' under the FDCPA includes consumers who have been alleged by debt collectors to owe debts that the consumers themselves contend they do not owe").

When interpreting a statute, we begin with the text. *Hughey v. United States*, 495 U.S. 411, 415, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990); *Jackson v. Blitt & Gaines, P.C.,* 833 F.3d 860, 863 (7th Cir. 2016). A word or phrase in a statute should not be interpreted in a vacuum; rather, "the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Sturgeon v. Frost,* 136 S.Ct. 1061, 1070 (2016) (citing *Roberts v. Sea-Land Services, Inc.,* 566 U.S. 93, 10 (2012) ); *Wells Fargo Bank, Nat. Ass'n v. Lake of the Torches Econ. Dev. Corp.,* 658 F.3d 684, 694 (7th Cir. 2011).

The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. §1692a(3). The disjunctive "or" creates two categories of persons that qualify as consumers under the FDCPA. Antonin Scalia & Bryan A. Garner, Reading Law 116 (2012) ("Under the conjunctive/disjunctive canon, and combines items while or creates alternatives.") (emphases in original). A person who is "allegedly obligated to pay" is therefore covered by the statute, just as is a person who is "obligated" to pay, to avoid rendering the phrase "or allegedly obligated" superfluous. See, e.g., *Corley v. United States,* 556 U.S. 303, 314 (2009) (describing the canon against superfluity as "one of the most basic interpretive canons"); *Rubin v. Islamic Rep. of Iran,* 830 F.3d 470, 484 (7th Cir. 2016) (similar).

Significantly, the text of 15 U.S.C. §1692a(3) does not limit "alleged" to obligations alleged by the consumer. The word applies generally and consequently includes obligations alleged by a debt collector as well. In *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) the Court held that when evaluating claims under the FDCPA, "[w]e must focus on the debt collector's misconduct, not whether the debt is valid ..." The Court held that the definition of "consumer" under the FDCPA includes consumers who have been alleged by debt collectors to owe debts that the consumers themselves contend they do not owe. Id. at 595. This interpretation conforms to the structure and text of the rest of the FDCPA, which focuses primarily on the conduct of debt collectors, not consumers. *Id.*

In *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534 (7th Cir. 2003), when interpreting near-identical language in the definition of "debt" under 15 U.S.C. § 1692a(5), the Court observed that the phrase "obligation or alleged obligation" serves to "extend[ ] the reach of the [FDCPA] to collection activities without regard to whether the debt sought to be collected is actually owed." Id. at 538. The Eighth Circuit reached the same conclusion when interpreting §1692a(3). See *Dunham v. Portfolio Recovery Associates, LLC*, 663 F.3d 997, 1002 (8th Cir. 2011)("Simply put, a mistaken allegation is an allegation nonetheless. Thus, we read §1692a(3) to include individuals who are mistakenly dunned by debt collectors."). Alleging that Appellant owed the debt in the proof of claim, Appellees tried to collect a debt from Appellant and later an evidentiary hearing was set. Appellant also served discovery upon Appellees and Appellant filed a motion to compel discovery as well. Appellees only abandoned the proof of claim approximately fifteen months later. For all such reasons Appellant qualifies as a consumer under the FDCPA.

Multiple circuits have concluded that the FDCPA provides protection to non-debtors mistakenly dunned by a debt collector. See *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 362 (6th Cir.2012); *Dunham v. Portfolio Recovery Associates, LLC*, 663 F.3d 997, 1001 (8th Cir.2011); *Beck v. Maximus, Inc*., 457 F.3d 291, 293 (3d Cir.2006); see also *Todd v. Collecto, Inc.*, 731 F.3d 734 (7th Cir.2013). For example, in *Dunham*, a debt collector, by mistake, attempted to collect debt not owed by the plaintiff but by someone with a

similar name. The debt collector argued that because Dunham was not the actual

debtor, he was not a "consumer" within the meaning of the FDCPA. The Eighth Circuit

rejected this argument, saying:

> Simply put, a mistaken allegation is an allegation nonetheless. Thus, we read §
> 1692a(3) to include individuals who are mistakenly dunned by debt collectors.
> The Federal Trade Commission (FTC) Commentary supports this conclusion. In
> its Staff Commentary, the FTC states that "[a] debt collector must verify a
> disputed debt even if he has included proof of the debt with the first
> communication, because the section is intended to assist the consumer when a
> debt collector inadvertently contacts the wrong consumer at the start of his
> collection efforts." FTC Staff Commentary, 53 Fed.Reg. 50097–02, 50106 (Dec. 13,
> 1988) (emphasis added). *Dunham v. Portfolio Recovery Associates, LLC*, 663 F.3d
> 997, 1002 (8th Cir.2011).

Likewise, in Beck, a debt collector, confusing the plaintiff with another woman

with a similar name who was the true debtor, sent an employment verification request

to plaintiff's employer, indicating that she owed a debt. *Beck v. Maximus, Inc.*, 457 F.3d

291, 293 (3d Cir.2006). Even though plaintiff did not owe any debt to the collector, the

Fourth Circuit found she was protected by the act also. Id. at 294. The court reasoned

that the debt collector "alleged," even if mistakenly, that plaintiff owed a debt by

seeking employment information from her employer, and that was sufficient to meet

the definition of consumer in §1692a(3). Id.

Persons who are not alleged to owe money but who are subjected to improper

practices by debt collectors are also entitled to the protection of the FDCPA. *Dutton v.

Wolhar*, 809 F.Supp. 1130, 1134-5 (D.Del. 1992). The FDCPA grants standing to "any

person" who is harmed by unlawful debt collection practices. 15 U.S.C. § 1692k(a)

("[A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person."). The District of Delaware so affirmed *in Dutton v. Wolhar*. 809 F.Supp. 1130, 1134 (D. Del. 1992). Dutton consolidated two similar cases in which the plaintiffs were dunned by debt collectors attempting to collect the debts of their respective deceased parents. See id. at 1133. In support of its rationale the court quoted the statute and legislative history. See id. (citing 15 U.S.C. § 1692k(a)). The legislative history provides: "[t]his bill protects people who do not owe money at all.... [C]ollection effort [sic] are often aimed at the wrong person either because of mistaken identity or mistaken facts.... These people are also protected by this ... bill." Id. (quoting H.R. Rep. No. 131, 95th Cong. 1st Sess. 8.).

The Dutton court also found one plaintiff to fall under the FDCPA's definition of "consumer." See id. The FDCPA defines consumer as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). The Dutton court concluded the plaintiff was "allegedly obligated to pay" because the debt collectors had so demanded from the plaintiff. *Dutton*, 809 F.Supp. at 1134. As a result, the court determined the plaintiff had standing under the FDCPA on two grounds: under the definition of "consumer", and as any person harmed by unfair debt collection practices. See id.

Appellant has standing because he pled Appellees tried to collect a debt from Appellant in filing the SGFL LLP proof of claim, thus rendering Appellant both "any

28

person" and a "consumer" for purposes of the FDCPA. Appellant is, by default, any person and is a consumer because Appellees attempted to collect a debt from him, albeit due to an alleged phantom debt. Thus, Appellant has sufficient standing under the FDCPA to continue this action. See also *Flowers v. Accelerated Bureau of Collections*, 96-cv4003, 1997 U.S.Dist. LEXIS 3354, 1997 WL 136313 (N.D.Ill. Mar 19, 1997), later opinion, 1997 WL 224987, 1997 U.S. Dist. LEXIS 6070 (N.D. Ill. Apr. 30, 1997) See also *McGown v. Silverman & Borenstein, PLLC*, No. 13-CV-748-RGA/MPT, 2014 WL 459793, where the Court held McGown has standing because she pled S & B failed to comply with the FDCPA by garnishing her wages, thus rendering her both "any person" and a "consumer" for purposes of the FDCPA. McGown was, by default, any person and is a consumer because S & B attempted to collect a debt from her, albeit due to an alleged mistake. Thus, McGown had sufficient standing under the FDCPA to continue this action. *McGown v. Silverman & Borenstein,* PLLC, No. 13-CV-748-RGA/MPT, 2014 WL 459793, at *4 (D. Del. Feb. 3, 2014), report and recommendation adopted, No. 13-CV-748-RGA/MPT, 2014 WL 1623773 (D. Del. Apr. 23, 2014) Here as in *Dutton*, Appellant was "allegedly obligated to pay" because Appellees as debt collectors had so demanded from Appellant in filing the proof of claim for SGFL LLP.

Also, since the statute uses "alleged" to modify "debt," an obligation that the defendant treats as being in default is covered even if (a) the defendant is attempting to collect an apparent consumer debt from the wrong person, *Long v. Main Street*

*Acquisition Corp.*, No. 17-2477, 2018 WL 5077679 (7th Cir., Oct. 18, 2018); *Queen v. Walker*, 09cv3428, 2010 U.S. Dist. LEXIS 67263, 2010 WL 2696720 (D. Md. July 7, 2010)(victim of forgery and fraud against whom collection efforts were directed had standing to maintain suit for the resulting FDCPA violation), or (b) the debt is not in fact in default. *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534 (7th Cir. 2003). (App. V, §486-487; SAC ¶22) Here Appellees were seeking to collect a debt from Appellant as the wrong person as no debt existed the proof of claim was based on false statements therein.

"[A]ny person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity…is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement." 15 U.S.C. §1692a(6)(F). The fiduciary relationship must exist for purposes other than debt collection. Thus, a receiver or trustee of a corporate creditor or the personal representative or trustee of an individual creditor is treated as if it were the original creditor. Klinedinst PC and Ms. Mayat were representatives of creditor SGFL LLP. The fact that a collection attorney or agency is the agent, and therefore the fiduciary, of the creditor does not give rise to an exemption. Persons who collect debts "originated by such person[s]." 15 U.S.C. §1692a(6)(F)(ii). An "originator" is one who played a significant role in ``originating the obligation. *Buckman v. American Bankers Insurance Company of Florida*, 115 F.3d 892 (11th Cir. 1997), aff'g 924 F.Supp. 1156 (S.D.Fla. 1996).

A "Debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692a(5) A "consumer," which is "any natural person obligated or allegedly obligated to pay any debt," 15 U.S.C. §1692a(3); a "transaction," which excludes certain non-consensual obligations; and "personal, family or household purposes." In addition, the effect of the definition of "debt collector" and the exclusions to that definition is to limit the scope of the FDCPA to debts which are actually or allegedly delinquent when the "debt collector" first becomes involved with them. However, the fact that a claim arising out of a transaction by a consumer is cast in terms of a tort or statutory violation rather than breach of contract does not deprive the consumer of the protection of the FDCPA when collection agencies or collection lawyers ask the consumer to pay. *Brown v. Budget Rent-A-Car Systems, In*c.,119 F.3d 922 (11th Cir. 1997) (a claim by a rental company against a consumer for damage to a car that the consumer rented is a "debt" whether brought as a claim for breach of the rental agreement or as one for negligent damage to property). (App. V, 488; SAC ¶28) Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope. See S.Rep. No. 382 at 4 (1977) ("In addition to [the] specific prohibitions,

this bill prohibits in general terms any harassing, unfair, or deceptive collection practice. This will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed."), reprinted in 1977 U.S.C.C.A.N. 1695, 1698; *Wright v. Fin. Serv. of Norwalk, Inc.*, 22 F.3d 647, 650 (6th Cir.1994) (en banc) (explaining that Congress wrote broad language into the FDCPA to forestall abusive practices by debt collectors).

Existing authority also suggests that a principal can be held vicariously liable for the FDCPA violations of its agent. E.g., *Janetos*, 825 F.3d at 325. Thus, if Klinedinst P.C. and Ms. Mayat were acting as SGFL LLP's agent when they carried out any—of the many—unlawful collection activities alleged, then SGFL LLP can also be held responsible for those infractions. Thus Appellees are liable under the FDCPA for engaging in unlawful debt collection practices. Given—a debt-collection business engaged in unlawful collection activities—it cannot be said that Appellees ongoing association with the company and the assistance they provided were products of mere "simple or even inexcusable negligence," but rather constitute "an extreme departure from the standards of ordinary care" where the threat of misleading Appellant as a consumer was either known to Appellees or was so obvious that Appellees must have been aware of it." *Woods v. Barnett Bank of Ft. Lauderdale*, 765 F.2d 1004, 1010 (11th Cir. 1985).

Appellant alleged Appellees violated the FDCPA by directly engaging in unfair, deceptive, and abusive acts or practices. Cf. *Kistner v. Law Offices of Michael P. Margelefsky, LLC,* 518 F.3d 433, 438, 441–42 (6th Cir. 2008). Appellees also used an "instrumentality of interstate commerce" for "the principal purpose of" collecting debts. 15 U.S.C. §1692a(6); see also id. (further defining a "debt collector" as one who "regularly collects or attempts to collect, directly or indirectly, [consumer] debts owed or due or asserted to be owed or due another"). And finally, by virtue of Appellees affiliation with each other, Appellant alleged they violated the FDCPA. *F.T.C. v. Williams, Scott & Assocs., LLC,* 679 F. App'x 836, 839 (11th Cir. 2017) (finding an individual liable under both the FTC Act and FDCPA "when he 'participated directly in the deceptive practices or acts or had authority to control them.'" (quoting *IAB Mktg. Assocs,* 746 F.3d at 1233)). Appellant alleged a May 2022 order in a District Court of the Northern District of California which supports evidence a consumer debt was alleged as well as the proof of claim filed by Appellees was made for a profit motive. (App. V, 485; SAC ¶18) None of Appellees were parties in such proceedings thus no attorney fee obligation existed. The civil remedy provision of the FDCPA also allows "any person" to sue.

### a. Appellant Alleged Violations Pursuant To 15 U.S.C. § 1692j(a)

Appellant alleged Appellees violated 15 U.S.C. §1692j(a). App. V, 488; SAC ¶27. That provision makes it "unlawful to design, compile, and furnish any form knowing

that such form would be used to create the false belief in a consumer that a person other than the creditor…is participating in the collection or in an attempt to collect a debt" that the consumer owes to the creditor, "when in fact such person is not so participating." 15 U.S.C. §1692j(a). Section 1692j(a) "imposes liability on parties who provide creditors with dunning letters that create a false impression that someone other than the creditor is trying to collect the debt." *Anthes v. Transworld Sys., Inc.*, 765 F. Supp. 162, 167 (D. Del. 1991). The legislative history of the FDCPA explains that this provision targets a practice known as "flat-rating," where a person sends "creditors a set of dunning letters bearing the letter-head of the flat-rater's collection agency" and insisting "the debtor pay the creditor at once." Id. (quoting S. Rep. No. 382, 95th Cong., 1st Sess. 5). The creditor then sends these letters to the debtor, "giving the impression that a third party debt collector is collecting the debt," when in fact, the "flat-rater is not in the business of debt collection," and merely sells dunning letters. Id. at 167–68 (quoting S. Rep. No. 382, 95th Cong., 1st Sess. 5); see also id. (describing the practice as "inherently deceptive" (quoting S. Rep. No. 382, 95th Cong., 1st Sess. 5)).

This language covers an attorney who allows a creditor to send out letters on his letterhead, or a collection agency which provides form letters purporting to come from the agency for a creditor to send out. 15 U.S.C. §1692j(b) provides that "Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under [15 U.S.C. §1692k] for failure to comply with a provision of this

title." Appellant alleged Appellees filed a fraudulent proof of claim in the name of

SGFL LLP which conduct is unlawful under 15 U.S.C. §1692j(a). App. V, ¶¶487-488.

### b. Appellant Alleged Violations Pursuant To 15 U.S.C. §1692e

The FDCPA applies to "consumer" debts, and certain substantive provisions, e.g.,

§1692c(a), only protect "consumers," meaning "any natural person obligated or allegedly

obligated to pay any debt." 15 U.S.C. §1692a(3). However certain substantive

protections of the FDCPA are also not limited to "consumers," e.g., §1692e. *West v.*

*Costen,* 558 F.Supp. 564 (W.D.Va. 1983). A "business" is, by definition, an activity

conducted for profit. *Drobny v. C.I.R*, 113 F.3d 670, 673 n.5 (7th Cir. 1996)("[I]n order to

constitute a 'trade or business,' the activity in question must have had the 'actual and

honest objective of making a profit.'"). It is what is done with the debts afterward –

selling them, collecting them, etc. – that determines what "business" the entity is

engaged in. (App. V, 486; SAC ¶19) Under federal law, the authorized activities of

independent contractor agents are imputed to the principal. *AT&T v. Winback and*

*Conserve Program, Inc.*, 42 F.3d 1421, 1434-8 (3d Cir.1994). There is no question that the

dunning of Appellant as a consumer and acts of Appellees filing of a proof of claim and

opposing Debtor's objections thereto is that of agent and principal between Klinedinst

PC. Ms. Mayat and SGFL LLP. Appellees were also intending to make a profit in

collecting a nonexistent debt thus Appellant alleged a consumer debt existed which

Appellees attempted to collect.

15 U.S.C. §1692e provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. A collection communication which is ambiguous-- it can plausibly be read in two or more ways, at least one of which is misleading--violates the law. *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996). It is not necessary to show that the plaintiff was actually misled by a collection notice. *Avila v. Rubin*, 84 F.3d at 227 (7th Cir. 1996); *Bartlett v. Heibl*, 128 F.3d 497 (7th Cir. 1997). However, some courts require that a misrepresentation or omission be material to the unsophisticated or least sophisticated consumer. *Wahl v. Midland Credit Mgmt.*, 556 F.3d 643 (7th Cir. 2009); *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) Statements are material if they influence a consumer's decision or if they would impair the consumer's ability to challenge the debt at issue. *Hale v. AFNI, Inc.*, 08cv3918, 2010 WL 380906, 2010 U.S. Dist. LEXIS 6715, *22 (N.D.Ill., Jan. 26, 2010). This does not require that a consumer believe the false threats or false statements that the collector has the right to engage in certain conduct. For example, even a consumer who understands that a creditor cannot legally recover attorney's fees should not be subjected to baseless attempts to recover them or threats to do so. *Lox v. CDA*, Ltd., 689 F.3d 818 (7th Cir. 2012). All conduct specifically prohibited or disclosures specifically required by the FDCPA is "material." *Mark v. J. C. Christensen & Assoc., Inc.*, 09cv100, 2009 WL 2407700, *11 (D.Minn. Aug. 4, 2009).

A debt collector's misrepresentation in a pleading that it is a subrogee was held to be actionable in *Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000). Filing false affidavits in state court collection litigation is actionable. *Todd v. Weltman, Weinberg & Reis Co.*, 434 F.3d 432 (6th Cir. 2006); *Delawder v. Platinum Financial Services Corp.*, 443 F.Supp.2d 942 (2005), reconsideration denied in part, 2007 WL 1245848 (S.D. Ohio Apr. 27, 2007). Suing or dunning the wrong person is a violation. *Heathman v. Portfolio Recovery Associates, LLC*, 12cv201, 2013 WL 755674 (S.D.Cal., Feb. 27, 2013); *Cox v. Hilco Receivable, L.L.C.*, 726 F.Supp.2d 659, 666 (N.D.Tex.2010). Misrepresentation of components of debts is a violation. *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562 (7th Cir. 2004). Some courts find it actionable, at least where it is clear that the collector could not have or did not intend to proceed to trial. *In re Maxwell*, 281 B.R. 101 (Bankr. D. Mass. 2002); *Kuria v. Palisades Acquisition XVI, LLC*, 1:09cv03321, 2010 WL 4780769 at *6 (N.D. Ga. 2010). Here Appellees filed a fraudulent proof of claim and had no intention to proceed to any evidentiary hearing as they filed a second proof of claim for Sacks Ricketts and Case LLP immediately after the evidentiary hearing was scheduled and then withdrew the SGFL LLP proof of claim.

Attempts by debt collectors to collect time-barred debts violate §1692e of the FDCPA, see, *Phillips v. Asset Acceptance*, 736 F.3d. 1076, 1079 (7th Cir. 2013) (collection lawsuits); *McMahon v. LVNV Funding*, 744 F.3d 1010 (7th Cir. 2014) (collection letters); and, *Patrick v. PYOD*, 2014 U.S. Dist. LEXIS 116092 (S.D. Ind. August 20, 2014)(filing a

proof of claim). By filing Claim No. 7-1 and by attempting to collect a consumer debt which could not legally be collected, Appellees violated the FDCPA. (App. V, 491; SAC ¶43). Because Appellees did not have the right to collect any debts, the allegation and representation to the contrary in its proof of claim is a "false representation" of the "character" and "amount" of the alleged debt. Vicarious liability also exists as if debt collector A hires debt collector B and B violates the FDCPA, A is liable. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317 (7th Cir. 2016). Appellant alleged Appellees filed a fraudulent proof of claim claiming that Appellant owed a debt to Sacks Glazier Fraklin and Lodise LLP which is an improper practice by a debt collector. Klinedinst PC and Ms. Mayat filed the proof of claim on behalf of SGFL LLP thus vicarious liability exists as well.

Furthermore certain substantive protections of the FDCPA are not limited to "consumers," e.g., §1692e. *West v. Costen*, 558 F.Supp. 564 (W.D.Va. 1983); *Villareal v. Snow*, 95cv2484, 1996 WL 28254, 1996 WL 28282, *6 (N.D.Ill. Jan. 19, 1996); *Whatley v. Universal Collection Bureau,* 525 F.Supp. 1204, 1205-6 (N.D.Ga. 1981).; *Riveria v. MAB Collections, Inc.,* 682 F.Supp. 174, 175 (W.D.N.Y. 1988) ("any person who comes in contact with proscribed debt collection practices may bring a claim"). (App. V, 486; SAC ¶20)

The simplest situation covered by the "other name" exception of §1692a(6) is that where creditor ABC sends its debtors letters which demand payment in the name of XYZ Collection Agency, XYZ either being a totally fictitious entity or a real entity which

has no significant involvement in the actual collection of ABC's debts. On its face, such

conduct makes ABC a "debt collector" under §1692a(6) and simultaneously violates the

prohibition against deceptive collection practices, §1692e. Klinedinst and Ms. Mayat

filed a fraudulent proof of claim for SGFL LLP violating §1692e and 1692a(6). (App. V,

487; SAC ¶25)

The FTC has stated that a creditor is using a name "other than [the creditor's]

own" if the creditor is using a name which on its face it "would indicate that a third

person is collecting or attempting to collect [the creditor's] debts" and no disclosure is

made of the relationship between the name used in dealing with the consumer prior to

default and the name used in attempting to collect after default, even if the creditor

lawfully owns the name used to make collection. Sept. 19, 1985 opinion letter. The FTC

commentary on the FDCPA states: Creditors are generally excluded from the definition

of "debt collector" to the extent that they collect their own debts in their own name.

However the term specifically applies to "any creditor who, in the process of

collecting his own debts, uses any name other than his own which would indicate that a

third person is" involved in the collection. A creditor collects its own debts by using a

different name, implying that a third party was the debt collector, either (a) when the

creditor uses an alias, or (b) when the creditor controls all aspects of the collection

effort. E.g., *Sokolski v. Trans Union Corp.*, 53 F.Supp. 2d 307, 312 (E.D.N.Y. 1999). "The

'false name' exception applies to any creditor who, in the process of collecting its debts,

'indicate[s] that a third party is collecting or attempting to collect such debts….pretends to be someone else or uses a pseudonym or alias..or.. [who] owns and controls the debt collector, rendering it the creditor's alter ego.'" *Wood v. Capital One Servs., LLC*, 718 F. Supp. 2d 286, 291 (N.D.N.Y. 2010), citing *Mazzei v. Money Store*, 349 F. Supp.2d 651, 659 (S.D.N.Y. 2004). Appellees were collecting a debt when they filed a fraudulent proof of claim falsely naming SGFL LLP as a creditor.

### c. Appellant Alleged Violations Pursuant To 15 U.S.C. §1692f

15 U.S.C. §1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section. Thus adding unauthorized amounts to debts, e.g., attorneys' fees, is a violation. *Shula v. Lawent,* 359 F.3d 489 (7th Cir. 2004), aff'g 01cv4883, 2002 WL 31870157 (N.D.Ill. Dec. 23, 2002). In *Lox v. CDA, Ltd*., 689 F.3d 818 (7th Cir. 2012), the Seventh Circuit held that a letter stating that attorney's fees could be awarded violated the FDCPA where there was no contractual or statutory basis for fees. Appellees added unauthorized amounts to debts, e.g., attorneys' fees, to the proof of claim which is a violation. Appellant alleged such a violation under 1692f as well as he alleged "The filing of the fraudulent proof of claim by Appellees in the Bankruptcy Case was "unfair," "unconscionable," "deceptive," and "misleading" within the broad scope of §1692e and §1692f.

**d. Appellant Alleged Violations Pursuant To 15 U.S.C. §1692d**

Appellant alleged Appellees engaged in conduct the natural consequence of which is to harass, oppress, or abuse Appellant in connection with the collection of a debt violating 15 U.S.C. §1692d. (App. V, 592; SAC ¶46) There is no "bright-line rule for determining whether a communication from a debt collector was made in connection with the collection of any debt.*" Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010). The civil liability provision of the Act provides that "any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person ...." 15 U.S.C. §1692k(a) This section would suggest that Appellant is entitled to recover for a violation of section 1692c(b). On the other hand, the language of section 1692c applies to consumers only. Other sections of the FDCPA seem to protect all persons, even if they are not "consumers" within the meaning of Act. See e.g., 15 U.S.C. § 1692d ("A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.")

**B.  If Necessary, Appellant Should Have Been Allowed Leave To Amend The Complaint**

In the second amended complaint, Appellant was required to describe enough facts to raise the reasonable expectation that discovery will reveal evidence of each necessary element of the claims alleged in the complaints. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Appellant had not requested leave to amend in

opposing their motion to dismiss the second amended complaint yet Appellees

opposed any amendments however amendment of a complaint should be freely given

"when justice so requires." Fed. R. Civ. P. 15(a). Appellant contends the second

amended complaint was well plead but requested leave to amend if so required by the

Court. Discovery would reveal evidence supporting whether Klinedinst's bankruptcy

practice relates to consumer or commercial parties, or whether such practice is regularly

focused on transactional or enforcement work. App. V, p. 576-577. Appellant had also

alleged facts that Klinedinst PC's and Ms. Mayat attempted to collect a debt from

Appellant, that Klinedinst PC represented creditors in all aspects of Chapter 11

bankruptcy cases, appeals, and adversary proceedings and the complaint alleged

Appellees regularly collect or attempt to collect, directly or indirectly, debts owed or

due or asserted to be owed or due another. See 15 U.S.C. §1692a(6)(e). Thus if the Court

required Appellant to add additional factual allegations about Klinedinst P.C.'s

bankruptcy practice, Appellant should have been permitted to file an amended

complaint.

**CONCLUSION**

For the foregoing reasons, Appellant requests that this Court reverse the

Bankruptcy Court's decision granting Appellees motion to dismiss the second amended

complaint and remand this case with instructions for Appellees to answer the second

amended complaint or granting Appellant leave to file a third amended complaint or

for such other relief.

Date: July 7, 2025

Respectfully,

<u>/s/ Michael Mogan</u>
    Michael Mogan
    Appellant

## CERTIFICATION OF INTERESTED PARTIES AS
## REQUIRED BY BAP RULE 8010 (a)-1 (b)

The undersigned certifies that the following parties have an interest in the outcome of this appeal. These representations are made to enable judges of the Panel to evaluate possible disqualification or recusal:

| | |
|---|---|
| Michael Mogan | Debtor/Appellant |
| Sacks, Glazier, Franklin and Lodise LLP | Appellee |
| Klinedinst, P.C. | Appellee |
| Natasha Mayat | Appellee |

Date: July 7, 2025

Respectfully,

/s/ Michael Mogan
Michael Mogan
Appellant

**CERTIFICATION OF RELATED CASES**
**AS REQUIRED BY BAP RULE 8010 (a)-1 (c)**

The undersigned certifies that there are no known related cases and appeals.

Date: July 7, 2025

Respectfully,

/s/ Michael Mogan
Michael Mogan
Appellant

**CERTIFICATE OF COMPLIANCE WITH RULE 8015, FRAP RULE 32(a)(7), FRAP RULE 32(g) and CR 32(c)**

The undersigned Appellant certifies that the foregoing Appellant's Opening Brief complies with the type-volume limitation of Bankruptcy Rule 8015 because it contains 1 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

The undersigned further certifies that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 12 point Palatino Linotype font.

Date: July 7, 2025

/s/ Michael Mogan

Michael Mogan

## CIRCUIT RULE 30(d) STATEMENT

Pursuant to Circuit Rule 30(d), counsel certifies that all material required by

Circuit Rule 30(a) and (b) are included in the appendix.

Date: July 7, 2025

/s/ Michael Mogan
Michael Mogan

## STATEMENT CONCERNING THE APPENDIX

Pursuant to Circuit Rule 30, Appellant submits the following as the Required Short Appendix. Appellants' Required Short Appendix contains all of the materials required under Circuit Rule 30(a)  and 30(b).

Date: July 7, 2025

/s/ Michael Mogan

Michael Mogan

**REQUIRED SHORT APPENDIX**

## TABLE OF CONTENTS
## TO APPENDIX

**Page**

Memorandum Opinion Granting Motion To Dismiss, ECF No. 64
(May 23, 2025)…………………………………………………………………..1-18

**Other Record Documents**

Second Amended Complaint, ECF No. 45
(October 16, 2024)……………………………………………………………19-33

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 22 B 1957 |
| MICHAEL SCOTT MOGAN, | ) | |
| | ) | |
| Debtor. | ) | Chapter 11 |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| MICHAEL SCOTT MOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 23 A 330 |
| | ) | |
| v. | ) | |
| | ) | |
| SACKS, GLAZIER, FRANKLIN AND LODISE | ) | |
| LLP, KLINEDINST, P.C. and | ) | Judge David D. Cleary |
| NATASHA MAYAT, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT

This matter comes before the court on the motion of Sacks, Glazier, Franklin and Lodise LLP ("SGFL"), Klinedinst, P.C. ("Klinedinst") and Natasha Mayat ("Mayat") (collectively, "Defendants") to dismiss ("Motion to Dismiss") the second amended adversary complaint ("Second Amended Complaint") filed by Michael Mogan ("Plaintiff" or "Mogan"). Following the filing of the Motion to Dismiss, the court entered a briefing schedule. Plaintiff filed a response ("Response") and Defendants filed a reply ("Reply").

Having reviewed the Second Amended Complaint and the papers submitted in support of and in opposition to the Motion to Dismiss, the court will grant the Motion to Dismiss with prejudice. Plaintiff will not be granted leave to file a third amended complaint.

SA1

## I.    JURISDICTION

The court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the district court's Internal Operating Procedure 15(a).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O).  Venue is proper under 28 U.S.C. § 1409(a).

## II.    BACKGROUND

In resolving a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court considers well-pleaded facts and the reasonable inferences drawn from them in the light most favorable to the plaintiff.  *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).  Every allegation that is well-pleaded by a plaintiff is taken as true in ruling on the motion.  *See Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 289-90 (7th Cir. 2016).  Here, Plaintiff's Second Amended Complaint and the court docket[1] contain the following factual allegations:[2]

On February 22, 2022, Plaintiff filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code.  On April 4, 2022, he converted his bankruptcy case to one under chapter 11.  (Second Amended Complaint, ¶ 8; Case No. 22 B 1957, EOD 1 and 22.)

Klinedinst is a corporation organized and existing under the laws of the State of California.  Its registered agent is located in San Diego, California.  It does business in this district by attempting to collect debts and by filing proofs of claim for both SGFL and Sacks

---

[1] The court may take judicial notice of its own docket.  *See Collum v. City of Chicago* (*In re Collum*), 649 B.R. 186, 192 (Bankr. N.D. Ill. 2023).  Taking judicial notice of the contents of the docket does not trigger the application of Fed. R. Civ. P. 12(d).  *See Walden Inv. Group, LLC v. First Nations Bank* (*In re Montemurro*), 580 B.R. 490, 495 (Bankr. N.D. Ill. 2017).

[2] A number of statements in the "Factual Allegations" section of the Second Amended Complaint are legal conclusions.  *See, e.g.*, Second Amended Complaint at ¶ 16 ("Lawyers who 'regularly' collect consumer debts are covered by the FDCPA.  *Heintz v. Jenkins*, 514 U.S. 291 (1995).").  These legal conclusions are not taken as true in ruling on the Motion to Dismiss and the court will not view the reasonable inferences drawn from them in the light most favorable to the Plaintiff.

Ricketts and Case LLP ("SRC") in Plaintiff's bankruptcy case.  (Second Amended Complaint, ¶ 10.)

Klinedinst operates a bankruptcy practice which is led in large part by partner Jonathan Cahill ("Cahill"), who has defended against bankruptcy litigation, alleged violations of the automatic stay, discharge injunction and confirmed plan terms.  Cahill has represented creditors in all aspects of chapter 11 bankruptcy cases, appeals and adversary proceedings.  He has advised clients on a national level regarding bankruptcy law and procedure, provided guidance to local counsel, negotiated claim treatment stipulations, mediation of bankruptcy disputes, and sales of real property.  (*Id.*, ¶ 16.)

Mayat is an individual and a resident of San Diego, California.  She does business in this district by attempting to collect debts and by filing proofs of claim in this bankruptcy case, including the SGFL proof of claim.  (*Id.*, ¶ 11.)

SGFL is a limited liability partnership organized and existing under the laws of the State of California.  Its principal place of business is in Los Angeles, California.  It does business in this district by attempting to collect a debt and by filing a claim in a bankruptcy case as well as additional court filings in support of the claim.  (*Id.*, ¶ 9.)

On November 28, 2022, SGFL filed a proof of claim in Plaintiff's bankruptcy case ("Proof of Claim").  It alleged that Plaintiff was obligated to SGFL for an "Attorneys Fees Obligation" in the amount of $16,399.  Mayat signed the proof of claim form, which includes the following statement: "I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.  I declare under penalty of perjury that the foregoing is true and correct."  (*Id.*, ¶ 12.)

SA3

Klinedinst and Mayat filed the proof of claim as part of their business, the principal purpose of which was the collection of a debt from Plaintiff.  (*Id.*, ¶ 15.)  Defendants filed the proof of claim for a profit motive as Defendants were engaged in the business to seek such a profit.  (*Id.*, ¶ 19.)

SGFL did not claim that the debt was based upon a writing, express or implied, and did not attach any writing to the Proof of Claim.  (*Id.*, ¶ 13.)  Defendants stated that Plaintiff owed a debt for an "Attorney Fees Obligation" and made this statement pursuant to Fed. R. Bankr. P. 3001.  (*Id.*, ¶ 17.)

Defendants attempted to collect a debt based on an order describing an attorney fee obligation owed to SRC, Michele Floyd and Jacqueline Young ("SRC Defendants").  (*Id.*, ¶ 18.)

Plaintiff did not owe a debt to SGFL.  (*Id.*, ¶¶ 19, 21, 22, 30, 43.)  Defendants filed a proof of claim in the wrong name.  (*Id.*, ¶ 27.)  Mayat made false statements in the Proof of Claim in stating that Plaintiff owed SGFL an attorney fee obligation and Plaintiff was subjected to Defendants' attempts to recover such amount listed in the Proof of Claim.  (*Id.*, ¶ 29.)

Klinedinst and Mayat acted as representatives for SGFL and filed the proof of claim in its name.  (*Id.*, ¶¶ 23, 25, 26.)  Defendants filed the Proof of Claim and conducted attempts to collect the debt listed in the Proof of Claim.  (*Id.*, ¶ 24.)  Defendants had no significant involvement in the actual collection of any debt owed by Plaintiff.  (*Id.*, ¶ 26.)

Plaintiff did not list any debt to SGFL in his bankruptcy schedules because he had no reason to believe that he owed this debt.  (*Id.*, ¶ 32.)

Defendants failed to maintain systems and procedures that could prevent the filing of a false claim in Plaintiff's bankruptcy case.  (*Id.*, ¶ 33.)

SA4

Defendants filed the Proof of Claim to obtain payment on a debt that Plaintiff did not owe SGFL.  (*Id.*, ¶ 34.)

Defendants misidentified Plaintiff as a debtor of SGFL in the Proof of Claim.  (*Id.*, ¶ 35.)

Defendants made false representations in the Proof of Claim about the amount of the debt Plaintiff owed SGFL.  (*Id.*, ¶ 36.)

In July 2023, Plaintiff filed an objection to the Proof of Claim ("Objection").  In the Objection, Plaintiff stated that he did not owe SGFL any attorneys' fees obligation and that SGFL was not a party to any civil proceedings in the Northern District of California with Plaintiff.  (*Id.*, ¶ 37; Case No. 22 B 1957, EOD 96 and 103.)

On or about September 19, 2023, Defendants filed a response to the Objection ("Objection Response"), requesting that this court overrule the Objection and allow the Proof of Claim in full.  (Second Amended Complaint, ¶¶ 9, 31, 38; Case No. 22 B 1957, EOD 107.)

In the Objection Response, Defendants stated that SGFL had filed a motion for attorneys' fees against Plaintiff in the Northern District of California that was granted in the amount of $16,399.  (Second Amended Complaint, ¶ 39; Case No. 22 B 1957, EOD 107).

Defendants further stated in the Objection Response that SGFL held an unsecured claim in the amount of $16,399 against Plaintiff.  (Second Amended Complaint, ¶ 40; Case No. 22 B 1957, EOD 107.)

Defendants claimed that the debt in the Proof of Claim was a debt that they could collect. Defendants used the bankruptcy court and the proof of claim process to attempt to collect a debt. (Second Amended Complaint, ¶¶ 44, 45.)

SA5

On October 13, 2023, SRC filed a proof of claim in Plaintiff's bankruptcy case that amended the Proof of Claim ("Amended Proof of Claim"). Plaintiff filed an objection to the Amended Proof of Claim. (Case No. 22 B 1957, EOD 121.)

Plaintiff has suffered actual damages due to the conduct of Defendants. (Second Amended Complaint, ¶ 49.)

Plaintiff filed this adversary proceeding on October 26, 2023. (Adv. No. 23 A 330, EOD 1.) Defendants filed a motion to dismiss the original complaint on November 27, 2023. (*Id.*, EOD 9.)

On February 27, 2024, SGFL filed a motion to withdraw the Proof of Claim. (Case No. 22 B 1957, EOD 173.) The court granted the motion to withdraw on March 6, 2024. (*Id.*, EOD 177.)

The court allowed Plaintiff an opportunity to file an amended complaint, which he did on March 27, 2024. (Adv. No. 23 A 330, EOD 18.) Defendants filed a motion to dismiss the amended complaint, which the parties briefed. (*Id.*, EOD 19, 27, 30.)

On May 7, 2024, SRC filed a motion to withdraw the Amended Proof of Claim. (Case No. 22 B 1957, EOD 196.) The court granted this motion on May 15, 2024. (*Id.*, EOD 198.)

The court took the motion to dismiss the amended complaint under advisement, and then granted it with prejudice on September 12, 2024. (Adv. No. 23 A 330, EOD 32, 33.)

In the Memorandum Opinion issued on September 12, 2024, this court took judicial notice of the existence of the Order Re: Defendants' Motions for Attorneys' Fees and Costs, issued on May 9, 2022 by Magistrate Judge Thomas S. Hixson of the U.S. District Court for the Northern District of California in *Mogan v. Sacks, Ricketts & Case LLP*, 21-cv-08431-TSH ("May 22 Order"). (*Id.*, EOD 32.) In the May 22 Order, among other rulings, Magistrate Judge

6

SA6

Hixson granted the SRC Defendants' motion for attorneys' fees against Mogan following the granting of their motion to dismiss under California's Anti-SLAPP Statute. (*Id.*, EOD 9.)

Plaintiff sought reconsideration of the September 12, 2024 order granting the motion to dismiss. The court allowed Plaintiff leave to file the second amended complaint, which he did on October 16, 2024. (*Id.*, EOD 45.) Defendants then filed the Motion to Dismiss, which the parties briefed. (*Id.*, EOD 48, 53, 54.)

## III.    LEGAL DISCUSSION

### A.  Standard for a motion to dismiss for failure to state a claim

To defeat a motion to dismiss under Fed. R. Civ. P. 12(b)(6), made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7012, a complaint must describe the claim in enough detail to give notice to the defendant. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[3] In addition, the complaint must be "plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint need only offer "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).

### B.  Two elements of a claim under the Fair Debt Collection Practices Act are not pleaded in the Second Amended Complaint

#### 1.  Elements of an FDCPA claim

In the Second Amended Complaint, Plaintiff seeks relief under the Fair Debt Collection Practices Act ("FDCPA"). "The primary goal of the FDCPA is to protect consumers from

---

[3] Although Plaintiff cited *Twombly* in the Response to the Motion to Dismiss, he also cited pre-*Twombly* precedent with an earlier standard for considering motions to dismiss. *See* Response, p. 2. By citing these pre-*Twombly* cases, which suggest a lower bar for a complaint to survive a motion to dismiss, Plaintiff presented legal contentions that are not "warranted by existing law[.]" Fed. R. Bankr. P. 9011(b)(2). *Twombly* governs the Second Amended Complaint and the Motion to Dismiss.

7

SA7

abusive, deceptive, and unfair debt collection practices, including threats of violence, use of obscene language, certain contacts with acquaintances of the consumer, late night phone calls, and simulated legal process." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997).

Plaintiff alleges that Defendants violated 15 U.S.C. §§ 1692d, 1692e and 1692f. These statutes state in relevant part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt….
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:…
>
> > (2) The false representation of--
> >
> > > (A) the character, amount, or legal status of any debt;…
> >
> > (5) The threat to take any action that cannot legally be taken or that is not intended to be taken [and] …
> >
> > (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer….
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

15 U.S.C. §§ 1692d, 1692e and 1692f.

The basis for Plaintiff's claim for relief is that by filing the Proof of Claim, Defendants violated these sections of the FDCPA. After three attempts, however, Plaintiff does not adequately plead that: (1) Defendants are debt collectors; and (2) the debt claimed in the proof of claim is based on a qualifying debt. A valid claim for relief under the FDCPA requires both.

SA8

## 2. The Second Amended Complaint does not allege that Defendants are debt collectors

Defendants contend that the Second Amended Complaint should be dismissed because it does not contain allegations that each of them is a "debt collector." Such an omission would be fatal to the Second Amended Complaint, because "[t]he FDCPA regulates only the conduct of 'debt collectors[.]'" *Ruth v. Triumph P'ships*, 577 F.3d 790, 796 (7th Cir. 2009). "[P]laintiff's complaint must be dismissed if it fails to raise a plausible inference that defendants were 'debt collectors' within the meaning of the FDCPA." *Stone v. Washington Mut. Bank*, No. 10 C 6410, 2011 WL 3678838, at *8 (N.D. Ill. Aug. 19, 2011).

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the ***principal purpose*** of which is the collection of any debts, or who ***regularly*** collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another…. [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6).

Therefore, the two categories of entities that are debt collectors are those who do business "the principal purpose of which is the collection of any debts" and those "who regularly collect[] or attempt[] to collect, directly or indirectly, debts owed or due or asserted to be owed or due another[.]"[4] Congress intended that lawyers are subject to the FDCPA whenever they meet the definition of "debt collector." *See Heintz v. Jenkins*, 514 U.S. 291, 299 (1995) ("we agree with the Seventh Circuit that the Act applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation").

---

[4] For the purposes of 15 U.S.C. § 1692f(6) only, debt collector "also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." Plaintiff has not alleged a claim for relief under § 1692f(6), which involves "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property[.]"

9

SA9

Plaintiff asserts that in paragraphs 16 and 18 of the Second Amended Complaint, he made

allegations that would support a plausible inference that Defendants are debt collectors:

> The law firm of Klinedinst PC's operates a bankruptcy practice which is led in
> large part by partner Jonathan Cahill who is extremely well-versed in bankruptcy
> law, and has defended against bankruptcy litigation, alleged violations of the
> automatic stay, discharge injunction, and confirmed plan terms. He has
> represented creditors in all aspects of Chapter 11 bankruptcy cases, appeals, and
> adversary proceedings. Mr. Cahill has advised clients on a national level
> regarding bankruptcy law and procedure, provided guidance to local counsel,
> negotiated claim treatment stipulations, mediation of bankruptcy disputes, and
> sales of real property. Thus Defendants Klinedinst PC's and Natasha Mayat
> regularly collect or attempt to collect, directly or indirectly, debts owed or due or
> asserted to be owed or due another.

> Defendants were acting as debt collectors as they attempted to collect a debt
> based on an order describing an attorney fee obligation owed to Sacks Ricketts
> Case LLP, Michele Floyd and Jacqueline Young.

Second Amended Complaint, ¶¶ 16, 18.

The Second Amended Complaint also alleges that each Defendant does business in this

district by attempting to collect a debt and filing a proof of claim:

> SGFL LLP does business in this district by attempting to collect a debt and by
> filing a claim in a bankruptcy case in this district and additional court filings in
> support thereof including their responses to Plaintiff's objection to their proof of
> claim.

> Klinedinst, P.C. does business in this district by attempting to collect debts and by
> filing proofs of claim for both Sacks, Glazier, Franklin and Lodise LLP and Sacks
> Ricketts and Case LLP for Plaintiff's bankruptcy case in this district.

> Defendant Natasha Mayat does business in this district by attempting to collect
> debts and by filing proof of claims in a bankruptcy case in this district including
> the Sacks, Glazier, Franklin and Lodise LLP proof of claim filed.

Second Amended Complaint, ¶¶ 9, 10, 11.

None of these allegations allow the court to draw the reasonable inference that SGFL is a

"debt collector" under the FDCPA. The only allegation relating to SGFL's business states that it

attempted to collect "a debt," that it filed one proof of claim, and that it filed a response in

SA10

opposition to Plaintiff's claim objection. Even taking the allegations in the light most favorable to Plaintiff, the court cannot draw the reasonable inference that the *principal purpose* of SGFL's business is the collection of debts or that SGFL *regularly collects* debts.

Plaintiff also argues that the true creditor, SRC, was using a name other than its own. *See* Response, p. 11. "[U]nder the 'false name' exception, creditors who use a name other than their own in the process of collecting their debts are not exempt." *Wood v. Cap. One Servs.*, *LLC*, 718 F. Supp. 2d 286, 289 (N.D.N.Y. 2010). This argument is not germane to the question of whether SGFL, Klinedinst and Mayat are debt collectors. It would only be relevant if Plaintiff had named SRC as a defendant. He did not.

Moreover, the allegations regarding Klinedinst and Mayat's attempt to *collect this debt* and *filing this proof of claim* do not support the reasonable inference that they engage in business the principal purpose of which is debt collection or that they regularly collect or attempt to collect debts. If attempts to collect the one debt that is the subject of an FDCPA claim were sufficient to find that a defendant is a debt collector, then the definition of "debt collector" would be meaningless. Every defendant who attempted to collect one debt would be a debt collector.

Plaintiff made additional allegations regarding Klinedinst. He alleged that Klinedinst operates a national bankruptcy practice, led by Jonathan Cahill who "represented creditors in all aspects of Chapter 11 bankruptcy cases, appeals, and adversary proceedings." Second Amended Complaint, ¶ 16. Based on the general description of Cahill's practice and the allegations that Klinedinst maintains a national bankruptcy practice, Plaintiff concludes that Klinedinst and Mayat are debt collectors.

These contentions, however, do not allege any facts to support an allegation that Klinedinst's and Mayat's principal purpose of business is debt collection, or that they regularly

11

SA11

collect debts of others. In fact, the allegations set forth conclusions supporting nothing more than that Cahill leads Klinedinst's full service restructuring practice without any factual basis supporting whether the practice relates to consumer or commercial parties, or whether such practice is regularly focused on transactional or enforcement work.

The court acknowledges that at the motion to dismiss stage, Plaintiff need not "make a sufficient *showing*" that any of the Defendants are debt collectors. *Blanton v. RoundPoint Mortg. Servicing Corp.*, 825 F. App'x 369, 372 (7th Cir. 2020) (emphasis added) (unpublished order). But he still must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Second Amended Complaint does not contain any well-pleaded allegations that would support the reasonable inference that the Defendants engage in business the principal purpose of which is debt collection. Neither does the Second Amended Complaint plead any allegations that would support the reasonable inference that the Defendants regularly collect or attempt to collect debts covered by the FDCPA.[5]

For all of the reasons stated above, the Second Amended Complaint fails to allege that Defendants are debt collectors, and therefore does not state a claim for relief under the FDCPA.

---

[5] On pages 11-12 of his Response, Plaintiff discusses 15 U.S.C. § 1692j, which holds persons who "design, compile, and furnish any form … liable to the same extent and in the same manner as a debt collector" if they know that the form would be used to create a false belief that someone other than the creditor is participating in debt collection, "when in fact such person is not so participating." For the Defendants to face a claim for relief under § 1692j, they "must have designed, compiled, *and* furnished the allegedly deceptive forms." *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 735 (7th Cir. 2004). There are no allegations in the Second Amended Complaint that would support such a claim for relief.

### 3. The Second Amended Complaint does not allege that the underlying debt arises out of a transaction incurred for personal, family, or household purposes

Even if the Second Amended Complaint plausibly alleged that Defendants are debt collectors, the court must also consider whether it alleged that they were attempting to collect a "debt" as defined in the FDCPA:

> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5). *See Heintz*, 514 U.S. at 293; *Burton v. Kohn Law Firm, S.C.*, 934 F.3d 572, 579-80 (7th Cir. 2019). The FDCPA applies only if what Defendants sought to recover in the proof of claim constitutes a debt within the meaning of the statute. *See Spiegel v. Kim*, 952 F.3d 844, 847 (7th Cir. 2020).

Plaintiff argues that "the fact that a claim arising out of a transaction by a consumer is cast in terms of a tort or statutory violation rather than breach of contract does not deprive the consumer of the protection of the FDCPA when collection agencies or collection lawyers ask the consumer to pay." Response, p. 12. Plaintiff cites *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922 (11th Cir. 1997) in support of his argument, but *Brown* does not support Plaintiff's contention and is factually distinguishable. Although the debt in *Brown* stemmed from an accident, the underlying transaction was one for personal, family or household purposes – the debtor had rented a truck in connection with his move from Connecticut to Florida. By contrast, in the Second Amended Complaint (as in the original and first amended complaints), there are no allegations that the debt stems from a transaction for personal, family, or household purposes.

Plaintiff cites *Lox v. CDA, Ltd.*, 689 F.3d 818 (7th Cir. 2012), in support of the proposition that "adding unauthorized amounts to debts, e.g., attorneys' fees, is a violation [of the

FDCPA].”  Response, p. 14.  This proposition, however, assumes that the Second Amended Complaint alleged the existence of an underlying *debt*, as defined in the FDCPA, to which Defendants threatened to *add* unauthorized attorneys' fees.  Throughout the Second Amended Complaint, however, Plaintiff consistently alleged that the attorneys' fees *were* the alleged obligation, and that the basis of Defendants' proof of claim was an "Attorney Fees Obligation" in the amount of $16,399.  *See* Second Amended Complaint, ¶¶ 12, 17, 18, 25, 29, 30, 37, 39.

Plaintiff argues that certain provisions of the FDCPA are not limited to the protection of "consumers."  Response, pp. 6-7, 9.  He is correct that persons who are not alleged to owe money but who are subjected to improper practices by debt collectors may be entitled to the protection of the FDCPA.  *See Dutton v. Wolhar*, 809 F. Supp. 1130, 1135 (D. Del. 1992) ("It was Congress's intent to protect people other than debtors, such as plaintiff Dutton, who are subject to harassment by debt collectors.").  *See also McGown v. Silverman & Borenstein, PLLC*, No. 13-CV-748-RGA/MPT, 2014 WL 459793, at *4 (D. Del. Feb. 3, 2014), *report and recommendation adopted*, No. 13-CV-748-RGA/MPT, 2014 WL 1623773 (D. Del. Apr. 23, 2014).  While this argument is accurate, it is irrelevant.  As Defendants acknowledge, "whether Mogan as an *individual* falls with[in] the statute has never been at issue."  Reply, p. 5.

Plaintiff also contends that "by attempting to collect a consumer debt which could not legally be collected, Defendants violated the FDCPA."  Response, p. 8.  This contention is accurate as well.  Attempting to collect a debt that is time-barred or otherwise not legally enforceable may violate the FDCPA.[6]

---

[6] Or, it may not.  *See Owens v. LVNV Funding, LLC*, 832 F.3d 726, 734 (7th Cir. 2016) ("[A] proof of claim on a time-barred debt does not purport to be anything other than a claim subject to dispute in the bankruptcy case. Filing such a proof of claim is not inherently misleading or deceptive.").

The underlying debt, however, must still be alleged to have arisen from a transaction incurred primarily for personal, family, or household purposes. If not, then the plaintiff has not plausibly alleged a claim for relief under the FDCPA.

> The Seventh Circuit explained this concept in *Burton*:
>
> We … recognized recently that where, as here, a plaintiff maintains that the underlying debt was not his, he can nonetheless claim FDCPA protection by showing that the debt collector treated him as a 'consumer' allegedly owing a consumer debt. *Loja v. Main St. Acquisition Corp.*, 906 F.3d 680, 684 (7th Cir. 2018) (holding "that the definition of 'consumer' under the FDCPA includes consumers who have been alleged by debt collectors to owe debts that the consumers themselves contend they do not owe"). *However, a plaintiff proceeding under this theory still must offer evidence to establish that the debt was a consumer debt: in other words, that the debt was incurred for personal, family, or household purposes*.

934 F.3d at 580 (emphasis added).[7] *See also Arora v. Midland Credit Mgmt., Inc*., No. 15-CV-6109, 2022 WL 1262081, at *3 (N.D. Ill. Feb. 7, 2022) ("Even though Arora claims that the underlying debt was not his, he can nonetheless claim FDCPA protection…. To do so, Arora must offer evidence establishing that the Subject Debt is a consumer debt, i.e., a debt that was incurred primarily for personal, family, or household purposes. If he does not, he cannot reach trial on his FDCPA claims.") (quotations and citations omitted); *Parham v. Seattle Serv. Bureau, Inc.*, 224 F. Supp. 3d 1268, 1272 (M.D. Fla.), *aff'd*, 656 F. App'x 474 (11th Cir. 2016) ("Plaintiff alleges that the Defendant violated the FDCPA and FCCPA by attempting to collect a debt he does not owe…. Absent being able to link the debt at issue to a consensual transaction, real or fabricated, the Plaintiff fails to state a claim under the FDCPA and FCCPA.").

---

[7] *Burton* was decided at the summary judgment stage. Therefore, the issue was "whether Mr. Burton submitted sufficient evidence to create a triable issue of fact that the debt incurred on the Citibank account was for personal, family, or household purposes." 934 F.3d at 580 (footnote omitted). The question before the court today is whether the Second Amended Complaint contains allegations sufficient to plead a claim for relief.

In summary, even though the Second Amended Complaint asserts that no debt was owed by Plaintiff to SGFL, and "thus it was a phantom debt" according to paragraph 19, Plaintiff alleges that there was a debt that Defendants were attempting to collect – the Attorney Fees Obligation. *See* Second Amended Complaint, ¶¶ 12, 17, 18, 25, 29, 30, 37, 39. Without well-pleaded allegations that *the subject debt arose from a transaction incurred primarily for personal, family, or household purposes*, the Second Amended Complaint does not plausibly allege a claim for relief under the FDCPA.

### IV.   CONCLUSION

The Second Amended Complaint does not plausibly allege either that Defendants are debt collectors or that there is a debt which arose from a transaction incurred primarily for personal, family, or household purposes. As a result, Plaintiff has failed to state a claim for relief under the FDCPA.

In his Response, Plaintiff requested the opportunity to file a third amended complaint, should the court grant the Motion to Dismiss. But Plaintiff has already had multiple attempts to adequately plead a cause of action. After Defendants filed a substantive motion to dismiss the original complaint and Plaintiff filed his response, the court took the matter under advisement. At a subsequent status hearing, Plaintiff requested that the court remove the matter from under advisement and permit Plaintiff to amend the complaint.

The court granted Plaintiff's request, and Plaintiff filed a first amended complaint. Defendants filed a motion to dismiss it, Plaintiff filed a response and Defendants filed a reply. The court took the matter under advisement, and then issued an opinion and order dismissing the first amended complaint with prejudice.

Plaintiff filed a motion to alter or amend the court's order, requesting reconsideration of the court's ruling. Defendants did not file a notice of objection to the motion for reconsideration, and the court granted it. Two days later, Defendants filed their own motion, explaining that they had misread the notice of Plaintiff's motion and asking the court to reconsider its order granting it. In the meantime, Plaintiff filed this Second Amended Complaint. Defendants filed the Motion to Dismiss, which the parties briefed as discussed above.

In all three motions to dismiss, Defendants argued that Plaintiff had not alleged that any Defendant was a "debt collector" and that the underlying claim was not a "debt" under the FDCPA. In its opinion granting the motion to dismiss Plaintiff's first amended complaint, the court discussed these arguments at length.

Plaintiff has now had three opportunities to adequately plead his claims for relief under the FDCPA.

> Leave to amend need not be granted where the proposed amendment would not result in the plaintiff succeeding in stating a viable legal claim. The district court was right to see Spiegel's proposed amendment as futile. He does no more in his proposed amendment than repeat his contention that Kim improperly demanded attorneys' fees. Nowhere, however, does Spiegel explain how those fees constitute a "debt" under the FDCPA's limited and consumer-protection-focused definition of that term.

*Spiegel*, 952 F.3d at 847 (affirming the district court's decision to deny leave to amend) (citation omitted). There comes a point at which further amendment would be futile. The court will not grant Plaintiff leave to file a third amended complaint.

17

For all of the reasons stated above, **IT IS ORDERED THAT** the Motion to Dismiss is

**GRANTED** with prejudice.

ENTERED:

Date:   May 23, 2025

_____

DAVID D. CLEARY
United States Bankruptcy Judge

MLU

18

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re | )<br>) Case 22-bk-01957 |
| Michael Scott Mogan<br>   Debtor. | )<br>) Adv. Proc. No. 23-00330 |
| | **)** Chapter 11 |
| Michael Scott Mogan<br>   Plaintiff. | )<br>) Judge: Honorable David D. Cleary<br>) |
| v. | )<br>) |
| Sacks, Glazier, Franklin and Lodise LLP,<br>Klinedinst, P.C. and Natasha Mayat<br>   Defendants. | )<br>)<br>) |

### SECOND AMENDED ADVERSARY COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

_

Debtor, Michael Scott Mogan ("Plaintiff"), by and through his undersigned attorney, for his Second Amended Adversary Complaint against Sacks, Glazier, Franklin and Lodise LLP ("SGFL LLP"), Klinedinst, P.C. and Natasha Mayat (collectively "Defendants") for damages for violations of the Fair Debt Collection Practices Act, states and alleges as follows:

### INTRODUCTORY STATEMENT

1.    Plaintiff brings this action because Defendants SGFL LLP, Klinedinst, P.C. and Natasha Mayat filed a proof of claim in an attempt to collect a debt when no such claim existed. Plaintiff seeks to enforce his rights, including the right to recover actual, statutory, and punitive damages, cost and attorney's fees, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") for Defendants' violations of FDCPA.

1

SA19

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334.

3.      Pursuant to Internal Operating Procedure 15(a) and as authorized by 28 U.S.C. § 157(a), the United States District Court for the Northern District of Illinois has referred to this Court "any and all proceedings arising under Title 11 U.S.C. or arising in or related to any case under Title 11 U.S.C."

4.      This action is a core proceeding pursuant to 28 U.S.C. § 157(b) as this is a matter that arises in and is related to the bankruptcy case, *In re Michael Scott Mogan*, Case No. 22-bk-01957 (the "Bankruptcy Case"), presently pending under title 11 in this Court. This adversary case involves, inter alia, "matters concerning the administration of the estate" [§157(b)(2)(A)], the "allowance or disallowance of claims against the estate ... " [§157(b)(2)(B)] and "other proceedings affecting the liquidation of the assets of the estate ... " [§157(b)(2)(O)].

5.      This adversary case also involves claims that are otherwise related to a case under title 11 [the Bankruptcy Case] and this Court has jurisdiction of those claims pursuant to 28 U.S.C. § 157(c)(l) and General Order No. 2012-7. Plaintiff consents to the entry of a final order in this proceeding by this Court. This Court has subject matter jurisdiction conferred by 15 U.S.C.§ 1692 and 28 U.S.C. §§ 157 and 1334.

6.      Venue in this District is proper under 28 U.S.C. §§ 1391(b), 1408 and 1409. Plaintiff has resided in this District for over one hundred eighty days preceding commencement of this action and the Bankruptcy Case was filed and is pending in this District. Defendants conducted business in this District, filed a proof of claim for Sacks, Glazier, Franklin and Lodise LLP and additional court filings in support thereof, in a case pending in this District, and the conduct complained of took place in this District.  Defendants Klinedinst, P.C. and Natasha

SA20

Mayat have also regularly conducted business in this District in filing another proof of claim for Sacks Ricketts and Case LLP and additional court filings in support thereof in a bankruptcy case that is pending in this District.

## PARTIES

7.      Plaintiff resides at 1800 West Roscoe St, #307, Chicago, Illinois. He is a "consumer" under 15 U.S.C. § 1692a(3) or § 1692c(d) because he is a natural person who Defendants has alleged owed a debt but who in fact does not owe a debt to Defendant SGFL LLP.

8.      On February 27, 2022, Plaintiff filed a voluntary petition for relief pursuant to chapter 13 of the Bankruptcy Code, 11 U.S.C. § 301(a), and an order for relief was entered pursuant to 11 U.S.C. § 301(b) commencing the Bankruptcy Case. On April 4, 2022, Plaintiff converted his case into a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

9.      On information and belief, SGFL LLP is a limited liability partnership organized and existing under the laws of the State Of California. SGFL LLP's principal place of business is: Sacks, Glazier, Franklin and Lodise LLP, 350 South Grand Ave. Suite 3500, Los Angeles, California 90071-3475. SGFL LLP does business in this district by attempting to collect a debt and by filing a claim in a bankruptcy case in this district and additional court filings in support thereof including their responses to Plaintiff's objection to their proof of claim.

10.      Defendant Klinedinst, P.C, is a corporation organized and existing under the laws of the State of California. Klinedinst, P.C.'s registered agent in California is: Susan S. Nahama 501 W. Broadway, Ste. 1100, San Diego, CA  92101.  Klinedinst, P.C does business in this district by attempting to collect debts and by filing proofs of claim for both Sacks, Glazier,

Franklin and Lodise LLP and Sacks Ricketts and Case LLP for Plaintiff's bankruptcy case in this district.

11.    Defendant Natasha Mayat is an individual over the age of 18 years old who on information and belief is a resident of San Diego, California.  On information and belief, she resides at 8301 Distinctive Dr San Diego, CA 92108.  Defendant Natasha Mayat does business in this district by attempting to collect debts and by filing proof of claims in a bankruptcy case in this district including the Sacks, Glazier, Franklin and Lodise LLP proof of claim filed.

### FACTUAL ALLEGATIONS

12.    On November 28, 2022, Defendant Sacks Glazier Franklin and Lodise filed a sworn proof of claim (Claim No. 7-1) in Plaintiff's Bankruptcy Case. A true and correct copy of that claim is attached as Exhibit A. In the claim, Defendant SGFL alleged that Plaintiff was originally obligated to Defendant Sacks Glazier Franklin and Lodise for an "Attorney Fees Obligation" in the amount of $16,399. Claim No. 7-1 was executed by Sacks Glazier Franklin and Lodise's attorney Natasha Mayat and with the following affirmation: "I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct. I declare under penalty of perjury that the foregoing is true and correct."

13.    Defendant Sacks Glazier Franklin and Lodise LLP did not claim that the debt was based upon a writing, express or implied, and did not attach a writing to Claim No. 7-1.

14.    By filing Claim No. 7-1, Defendants sought to collect a debt which they represented and claimed was owed by Plaintiff to Defendant Sacks Glazier Franklin and Lodise and for which they sought payment in the Bankruptcy Case.

15.    Defendant Klinedinst PC and one of their attorneys Defendant Natasha Mayat on behalf of  Sacks Glazier Franklin and Lodise LLP used an instrumentality of interstate commerce

in electronically filing proof of claim as part of their a business the principal purpose of which is the collection of a debt from Plaintiff. Andy Servais is also a partner at Klinedinst PC and appeared on behalf of Sacks Glazier Franklin and Lodise LLP before the Sacks Glazier Franklin and Lodise withdrew proof of claim.

16. Lawyers who "regularly" collect consumer debts are covered by the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291 (1995). The law firm of Klinedinst PC's operates a bankruptcy practice which is led in large part by partner Jonathan Cahill who is extremely well-versed in bankruptcy law, and has defended against bankruptcy litigation, alleged violations of the automatic stay, discharge injunction, and confirmed plan terms. He has represented creditors in all aspects of Chapter 11 bankruptcy cases, appeals, and adversary proceedings. Mr. Cahill has advised clients on a national level regarding bankruptcy law and procedure, provided guidance to local counsel, negotiated claim treatment stipulations, mediation of bankruptcy disputes, and sales of real property. Thus Defendants Klinedinst PC's and Natasha Mayat regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. See 15 U.S.C. §1692a(6) (e)

17. In their claim (Claim No. 7-1), Defendants state that a debt was owed by Plaintiff for an "Attorney Fees Obligation" and Defendants made these statements pursuant to Bankruptcy Rule 3001.

18. The term debt collector includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts, and for purposes of 15 U.S.C. §1692(6) and Defendants were acting as debt collectors as they attempted to collect a debt based on an order

describing an attorney fee obligation owed to Sacks Ricketts Case LLP, Michele Floyd and Jacqueline Young.

19.     A business is, by definition, an activity conducted for profit. Drobny v. C.I.R, 113 F.3d 670, 673 n.5 (7th Cir. 1996). No debt was owed by Plaintiff to Defendant Sacks Glazier Franklin and Lodise LLP thus it was a phantom debt however the proof of claim filed by Defendants (Claim No. 7-1) was a consumer debt as Defendants filed the proof of claim for a profit motive as Defendants were engaged in the business to seek such a profit.

20.     Certain substantive protections of the FDCPA are also not limited to "consumers," e.g., §1692e. *West v. Costen*, 558 F.Supp. 564 (W.D.Va. 1983); Villareal v. Snow, 95cv2484, 1996 U.S. Dist. LEXIS 667, *6 (N.D.Ill. Jan. 19, 1996).

21.     No attorney obligation was owed by Plaintiff as described in the proof of claim filed by Defendants (Claim 7-1) and persons such as Plaintiff who are not alleged to owe money but who are subjected to improper practices by debt collectors are entitled to the protection of the FDCPA. *See Dutton v. Wolhar*, 809 F.Supp. 1130, 1134-5 (D.Del. 1992); F*lowers v. Accelerated Bureau of Collections*, 96-cv4003, 1997 U.S.Dist. LEXIS 3354, 1997 WL 136313 (N.D.Ill. Mar 19, 1997), later opinion, 1997 WL 224987, 1997 U.S. Dist. LEXIS 6070 (N.D. Ill. Apr. 30, 1997) as any person such as Plaintiff who comes in contact with proscribed debt collection practices may bring a claim. Defendants alleged Plaintiff owed money in the proof of claim 7-1 which they filed when Plaintiff did not owe any such debt thus the fraudulent proof of claim was an improper practice by Defendants as debt collector. Klinedinst PC and Natasha Mayat also filed a proof of claim on behalf of SGFL LLP thus vicarious liability exists as well

22.     Defendants were also attempting to collect a consumer debt from the wrong person Plaintiff as no debt existed and the proof of claim 7-1 filed by Defendants was based

upon false statements in such proof of claim. See *Long v. Main Street Acquisition Corp*., No. 17-2477, 2018 WL 5077679 (7th Cir., Oct. 18, 2018); *Queen v. Walker,* 09cv3428, 2010 U.S. Dist. LEXIS 67263, 2010 WL 2696720 (D. Md. July 7, 2010.

23.     Defendants Klinedinst PC and Natasha Mayat acted representatives of the creditor Sacks Glazier Franklin and Lodise LLP.

24.     The fact that a collection attorney or agency is the agent, and therefore the fiduciary, of the creditor does not give rise to an exemption from the FDCPA. Defendants all acted as originators who played a significant role in originating the obligation listed in filing and conducting attempting to collect the debt listed in proof of claim 7-1.

25.     The conduct in Defendants making false statements in seeking a nonexistent attorney fee obligation on the face of Proof of claim 7-1 makes Defendants a "debt collector" under §1692a(6) and simultaneously violates the prohibition against deceptive collection practices under §1692e. Klinedinst and Natasha Mayat filed a proof of claim in the name of Sacks Glazier Franklin and Lodise LLP and they were all involved in deceptive collection practices and each of the Defendants were involved in such deceptive collection practices for third persons as no debt was owed.

26.     Defendants filed a proof of claim in the name of Sacks Glazier Franklin and Lodise LLP and Defendants sought payment in the name of creditor Sacks Glazier Franklin and Lodise LLP when Defendants had no significant involvement in the actual collection of any debt owed by Plaintiff which proof of claim on its face makes Defendants debt collectors under §1692a(6) and simultaneously also violates the prohibition against deceptive collection practices, §1692e.

27.     15 U.S.C. §1692j(a) provides that "It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." This language covers an attorney who allows a creditor to send out letters on his letterhead, or a collection agency which provides form letters purporting to come from the agency for a creditor to send out. 15 U.S.C. §1692j(b) provides that "Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under [15 U.S.C. §1692k] for failure to comply with a provision of this title." Defendants filed a proof of claim in the wrong name which conduct is unlawful pursuant to 15 U.S.C. §1692j(a).

28.     The fact that a claim arising out of a transaction by Plaintiff as a consumer is cast in terms of a tort or statutory violation rather than breach of contract does not deprive Plaintiff as the consumer of the protection of the FDCPA when Defendants as collection lawyers asked Plaintiff as the consumer to pay such amount. See *Brown v. Budget Rent-A-Car Systems, Inc.*,119 F.3d 922 (11th Cir. 1997)

29.     Defendants violated §§ 1692e which provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt as Natasha Mayat filed made false statements in the proof of claim misrepresenting Plaintiff owed Sacks Glazier Franklin and Lodise LLP an attorney fee obligation and Plaintiff was subjected to Defendants baseless attempts to recover such amount listed in the proof of claim.

30.     Defendants violated §§ 1692e of the FDCPA by Defendants misrepresentations of components of a debt as no debt was owed by Plaintiff as stated on the proof of claim 7-1 and by Defendants seeking unauthorized attorney fees for an obligation that did not exist.

31.     Defendants violated 15 U.S.C. §1692f since they as debt collectors used unfair and unconscionable means in attempting to collect the debt listed in the fraudulent proof of claim 7-1 and after Plaintiff objected to the proof of claim Defendants opposed Plaintiff's objection by filing opposition papers in the Bankruptcy Court which conduct by Defendants was also unfair and unconscionable.

32.     Plaintiff did not list any debt in his bankruptcy schedules or amended bankruptcy schedules owed to Defendant Sacks Glazier Franklin and Lodise because he had no reason to believe that he owed this debt.

33.     Defendants fail to maintain systems and procedures which could prevent the filing of a fraudulent claims in Plaintiff's bankruptcy cases.

34.     Defendants filed Proof of Claim 7-1 knowingly and intentionally as a part of a scheme to improperly obtain payment from a consumer bankruptcy case on a debt Plaintiff did not owe Defendant Sacks Glazier Franklin and Lodise.

35.     Defendants as debt collectors misidentified Plaintiff as a debtor of Sacks Glazier Franklin and Lodise in the proof of claim filed by Defendants.

36.     Defendants made false representations in the proof of claim about the amount of the debt Plaintiff owed Sacks Glazier Franklin and Lodise.

37.     During July 2023 Plaintiff filed an objection to the proof of claim filed by Sacks Glazier Franklin and Lodise and served Defendants such objection. In such objection Plaintiff made clear Plaintiff did not owe Sacks Glazier Franklin and Lodise any attorney fees obligation

and Plaintiff further stated Sacks Glazier Franklin and Lodise were not a party to any civil proceedings in the Northern District of California with Plaintiff.

38.    Despite such statements by Plaintiff in July 2023, on or about September 19th 2023 Defendants filed a response to Plaintiff's objection and Defendants requested the Bankruptcy Court overrule Plaintiff's objection and allow the proofs of claim filed by Sacks Glazier Franklin and Lodise in full against Plaintiff.

39.    Defendants misrepresented in their September 19th 2023 response that Sacks Glazier Franklin and Lodise had filed a motion for attorneys' fees against Plaintiff in the Northern District of California that was granted in the amount of $16,399.

40.    Defendants further misrepresented in their September 19th 2023 response that Sacks Glazier Franklin and Lodise held an unsecured claim in the amount of $16,399 against Plaintiff.

### COUNT I
### Violation Of The Fair Debt Collection Practices Act
### (Against All Defendants)

41.    Plaintiff incorporates paragraphs 1-40.

42.    Defendants violated §§ 1692e and 1692f of the FDCPA. Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e furnishes a nonexclusive list of prohibited practices, including the following: false representation of the character, amount, or legal status of any debt, § 1692e(2)(A); threat to take any action that cannot legally be taken, § 1692e(5); and use of any false representation or deceptive means to collect or attempt to collect any debt, § 1692e(10). Section 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Id. § 1692f.

SA28

43.     Attempts by debt collectors to collect time-barred debts violate §1692e of the FDCPA, see, *Phillips v. Asset Acceptance*, 736 F.3d. 1076, 1079 (7th Cir. 2013) (collection lawsuits); *McMahon v. LVNV Funding*, 744 F.3d 1010 (7th Cir. 2014) (collection letters); *Crawford v. LVNV Funding*, 758 F.3d 1254 (11th Cir. 2014) (filing a proof of claim); and, *Patrick v. PYOD*, 2014 U.S. Dist. LEXIS 116092 (S.D. Ind. August 20, 2014)(filing a proof of claim). By filing Claim No. 7-1 and by attempting to collect a consumer debt which could not legally be collected, Defendants violated the FDCPA. No debt was owed Defendant Sacks Glazier Franklin and Lodise. Because Defendants did not have the right to collect any debts, the allegation and representation to the contrary in its proof of claim is a "false representation" of the "character" and "amount" of the alleged debt.

44.     Defendants misrepresented the legal status of the debt claimed in Claim No. 7-1 in violation of the FDCPA, claiming that this was a debt that they could collect. Defendants threatened to take an action to collect a debt which could not be legally taken.

45.     Defendants used a deceptive means to attempt to collect debt by using the Bankruptcy Court and the proof of claim process in a manner prohibited by law.

46.     Defendants engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

47.     The conduct of Defendants was intentional, undertaken in bad faith, knowingly, and/or in gross or reckless disregard of Plaintiff's rights and not as a result of any bona fide error.

48.     The filing of the fraudulent proof of claim by Defendants in the Bankruptcy Case was "unfair," "unconscionable," "deceptive," and "misleading" within the broad scope of §1692e and §1692f.

49.     Plaintiff has suffered actual damages due to the conduct of Defendants and their violation of the FDCPA. 15 U.S.C. § 1692k(a)(1).

50.     Plaintiff is entitled to statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2) and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, Plaintiff prays for the entry of judgment in his favor and against Defendants Sacks, Glazier, Franklin and Lodise LLP ("SGFL LLP"), Klinedinst, P.C. and Natasha Mayat, jointly and severally, finding that Defendants intentionally violated the FDCPA, awarding Plaintiff compensatory damages, statutory damages of $1,000, costs and reasonable attorney's fees, and for such other and further relief as is just and proper.

Date: October 16, 2024

Respectfully Submitted,

**MICHAEL SCOTT MOGAN**

By: /s/ Michael Mogan

**Plaintiff's Attorney**

**Counsel for Plaintiff:**

Michael Mogan
Law Office of Michael Mogan
4803 N. Milwaukee Ave, Suite B, Unit #244
Chicago, IL 60630
mm@michaelmogan.com
P: (773) 799-8477
F: (872) 702-6445

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re | ) |
| | ) Case 22-bk-01957 |
| Michael Scott Mogan | ) |
|     Debtor. | ) Adv. Proc. No. 23-00330 |
| | **)** |
| | **)** Chapter 11 |
| Michael Scott Mogan | ) |
|     Plaintiff. | ) Judge: Honorable David D. Cleary |
| | ) |
|     v. | ) |
| | ) |
| Sacks, Glazier, Franklin and Lodise LLP, | ) |
| Klinedinst, P.C. and Natasha Mayat | ) |
|     Defendants. | ) |

*Certificate of Service*

I am over 18 and my address is 1800 W. Roscoe St Unit #307, Chicago, IL 60657. I hereby certify that on October 16, 2024, I have caused the foregoing

**SECOND AMENDED ADVERSARY COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

to be filed and served upon counsel of record through the Court's electronic service system (ECF/CM) [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Interested parties may access this filing through the Court's system. I hereby certify that on October 16, 2024. I have Electronically mailed the documents to the following person(s) through Court's electronic service system (ECF/CM) [or sent by mail to anyone unable to accept electronic filing]:

SA32

Andrew Servais
Klinedinst PC
501 W. Broadway, Ste. 600
San Diego, CA 92101-3584
aservais@klinedinstlaw.com
   *Attorneys for Defendants Sacks, Glazier, Franklin and Lodise LLP,*      )
*Klinedinst, P.C. and Natasha Mayat*

                                               */s/ Michael Mogan*_____
                                               Michael Mogan
                                               1800 W. Roscoe St, #307
                                               Chicago, IL 60657
                                               P: (773)799-8477
                                               mm@michaelmogan.com

SA33

## CERTIFICATE OF SERVICE

I the undersigned Appellant Michael Mogan hereby certify that on July 7, 2025 I have caused the foregoing Appellant's Opening Brief and Required Short Appendix as well as a digital version containing the brief, to be filed and served upon counsel of record through the Court's electronic service system (ECF/CM) as follows:

<u>Via Electronic Service</u>:

Daniel S Agle
Klinedinst PC
501 West Broadway, Suite 1100
San Diego, CA 92101-3370
dagle@klinedinstlaw.com, fmcgee@klinedinstlaw.com
    Counsel for Defendants Sacks, Glazier, Franklin And Lodise LLP,
    Klinedinst, P.C. and Natasha Mayat

Robert M. Shaughnessy
Klinedinst PC
501 West Broadway, Suite 1100
San Diego, CA 92101-3370
rshaughnessy@klinedinstlaw.com, cbond@klinedinstlaw.com
    Counsel for Defendants Sacks, Glazier, Franklin And Lodise LLP,
    Klinedinst, P.C. and Natasha Mayat

U.S. Bankruptcy Court, Clerk
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604
ilnb_appeals@ilnb.uscourts.gov

Honorable David D. Cleary
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chambers 648
Chicago, IL 60604
david_cleary@ilnb.uscourts.gov

/s/ Michael Mogan
Michael Mogan