# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re | ) Case No.: 25-cv-05858 |
| | ) |
| Michael Scott Mogan | ) |
| | ) |
| Debtor, | ) |
| | ) |
| | ) |
| _____ | ) |
| | ) |
| Michael Scott Mogan | ) The Honorable Rebecca R. |
| | ) Pallmeyer, |
| Plaintiff, | ) Judge Presiding |
| | ) |
| v. | ) |
| | ) (Appeal from Orders of the |
| Sacks, Glazier, Franklin and | ) United States Bankruptcy Court |
| Lodise LLP, Klinedinst, P.C. and | ) for the Northern District of |
| Natasha Mayat, | ) Illinois; Adversary Proceeding |
| | ) Nos. 23-0330 for Bankruptcy |
| Defendants. | ) Case No. 22-01957) |

## APPELLEES' ANSWERING BRIEF

Daniel S. Agle (*Admitted Pro Hac Vice*)
*Robert M. Shaughnessy (*Admitted Pro Hac Vice*)
KLINEDINST PC
501 W. Broadway, Suite 1100
San Diego, CA 92101
dagle@klinedinstlaw.com; rshaughnessy@klinedinstlaw.com
Telephone: (619) 400-8000
Attorney for Appellees SACKS, GLAZIER, FRANKLIN and LODISE
LLP, KLINEDINST, P.C. and NATASHA MAYAT

# TABLE OF CONTENTS

**Page**

I.  JURISDICTIONAL STATEMENT .................................................................1

II.  STATEMENT CONCERNING ORAL ARGUMENT ..............................1

III.  PRELIMINARY STATEMENT ....................................................................2

IV.  STATEMENT OF THE CASE .......................................................................3

    A.  Mogan sued Sacks Ricketts in the Northern District of California; the case was dismissed as a meritless SLAPP action, and the district court awarded Sacks Ricketts attorneys' fees against Mogan. .........................................................................................3

    B.  Mogan filed for bankruptcy protection in the Northern District of Illinois, but then failed to obtain a stay of the California action. ............................................................................................................5

    C.  Klinedinst and Mayat filed a proof of claim in Mogan's bankruptcy proceeding; the proof of claim misidentified the creditor as the Sacks Glazier firm instead of the Sacks Ricketts firm. ......................................................................................................5

    D.  Mogan sued Sacks Glazier, Klinedinst, and Mayat based on the proof of claim that mistakenly identified the judgment creditor; after three failed pleading attempts, the bankruptcy court dismissed the action for failure to state a claim...............................7

        1.  In response to a first 12(b)(6) motion to dismiss, Mogan attempted to amend his complaint. .......................................7

        2.  Mogan's first amended adversary complaint was dismissed with prejudice pursuant to Rule 12(b)(6), but leave to amend was later permitted. ...................................8

        3.  Mogan's second amended adversary complaint was dismissed without leave to amend, and this appeal followed. ........................................................................10

V.  SUMMARY OF THE ARGUMENT .........................................................12

VI.  STANDARD OF REVIEW ..........................................................................13

VII.  ARGUMENT .................................................................................................14

    A.  Mogan cannot allege facts showing that the attorneys' fees award is a debt as defined by the FDCPA. ................................16

        1.  Mogan cannot avoid his obligation to establish a debt within the meaning of the FDCPA by asserting a "phantom debt.".....................................................................20

2.      Mogan's strained interpretation of the term "consumer" cannot be relieve him from alleging a debt under the FDCPA. .................................................................................22

B.      Mogan cannot allege facts showing that any defendant is a debt collector under the FDCPA. .................................................25

C.      Mogan failed to show that he could amend his pleading to state a claim under the FDCPA, based on a law firm's filing of a proof of claim that mistakenly identified the wrong law firm as a creditor. .................................................................................30

VIII.   CONCLUSION .................................................................................31

CERTIFICATION OF INTERESTED PARTIES AS REQUIRED BY BAP RULE 8010(a)-1(b) .................................................................33

CERTIFICATION OF RELATED CASES AS REQUIRED BY BAP RULE 8010(a)-1(c) .................................................................34

CERTIFICATE OF COMPLIANCE WITH RULE 8015, FRAP RULE 32(a)(7), FRAP RULE 32(g) and CR 32(c) .................................................35

CERTIFICATE OF SERVICE .................................................................36

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Arora v. Midland Credit Mgmt. Inc.,* No. 15-CV-6109, 2022 U.S. Dist. LEXIS 79739, 2022 WL 1262081 (N.D. Ill. Feb. 7, 2022)................................................. 21

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009)................................................................. 12, 13, 28

*Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.,* 111 F.3d 1322 (7th Cir. 1997) ............................................................................................................. 17, 19, 24

*Beal v. Himmel & Bernstein, LLP,* 615 F.Supp.2d 214 (S.D.N.Y. 2009)..................... 19

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) ................................................. 12, 13, 14

*Berman v. GC Servs. Lim. P'Ship,* 146 F.3d 482 (7th Cir. 1998)...................... 17, 23, 24

*Blanton v. RoundPoint Mortg. Servicing Corp.,* 825 F. App'x 369 (7th Cir. 2020) ............................................................................................................... 28, 29

*Brown v. Budget Rent-A-Car Systems, Inc.,*119 F.3d 922 (11th Cir. 1997) .......... 23, 24

*Burton v. Kohn Law Firm, S.C.,* 934 F.3d 572 (7th Cir. 2019) ............................... 17, 21

*Conley v. Gibson,* 355 U.S. 41 (1957).................................................................... 14

*Cushing v. City of Chicago,* 3 F.3d 1156 (7th Cir.1993).......................................... 13

*Dutton v. Wolhar,* 809 F.Supp. 1130 (D.Del. 1992)............................................... 22

*Fleming v. Pickard,* 581 F.3d 922 (9th Cir.2009) ................................................. 19

*Flowers v. Accelerated Bureau of Collections,* 1997 U.S. Dist. LEXIS 3354 .............. 23

*Franklin v. Parking Revenue Recovery Servs., Inc.,* 832 F.3d 741..................... 1, 18, 33

*Gburek v. Litton Loan Servicing LP,* 614 F.3d 380 (7th Cir. 2010)............................ 18

*Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertollotti,* 374 F.3d 56 (2d Cir. 2004)............................................................................................ 29

*Guitierrez v. AT&T Broadband, LLC,* 382 f.3d 725 (7th Cir. 2004)............................ 15

*Gulley v. Markoff & Krasny,* 664 F.3d 1073 (7th Cir. 2011) ......................................... 19

*Heintz v. Jenkins,* 514 U.S. 291 (1995) ........................................................... 25, 27, 29

*Heller v. Graf,* 488 F. Supp. 2d 686 (N.D. Ill. 2007)............................................... 30

APPELLEE'S ANSWERING BRIEF

*Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348 (7th Cir. 2017) ..................... 30

*Huon v. Denton*, 841 F.3d 733 (7th Cir. 2016) ........................................... 12, 14

*Jeffries v. Wells Fargo Bank, NA*, No. 10-CV-5889, 2011 WL 5023396, (N.D. Ill. Oct. 19, 2011) ................................................................................... 28

*Loja v. Main St. Acquisition Corp.*, 906 F.3d 680 (7th Cir. 2018) ............................... 21

*Naperville Smart Meter Awareness v. City of Naperville*, 900 F.3d 521 (7th Cir. 2018) ................................................................................... 12, 14

*O'Boyle v. Real Time Resols., Inc.*, 910 F.3d 338 (7th Cir. 2018) ........................... 12, 14

*Parham v. Seattle Serv. Bureau, Inc.*, 224 F. Supp. 3d 1268 (M.D. Fl. 2016) ............ 21

*Rawson v. Source Receivables Mgmt., LLC,* 215 F. Supp. 3d 684 (N.D. Ill. 2016) ................................................................................... 12, 16

*Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759 (7th Cir. 2010) ............................. 13

*Runnion v. Girl Scouts of Greater Chicago,* 786 F.3d 510 (7th Cir. 2015) ............ 12, 14

*Sanchez v. Jackson*, 2016 U.S. Dist. LEXIS 160776, (N.D. Ill. Nov. 21, 2016) ......... 30

*Schlaf v. Safeguard Props., LLC,* 2017 U.S. Dist. LEXIS 161807 (N.D. Ill. Aug. 29, 2017) ................................................................................... 27

*Spiegel v. Kim,* 952 F.3d 844 (7th Cir. 2020) ........................................... passim

*Tamayo v. Blagojevich*, 526 F.3d 1074 (7th Cir.2008) ..................................... 13

*Watters v. Harris*, 656 F.2d 234 (7th Cir.1980) ......................................... 13

*West v. Costen*, 558 F. Supp. 564 (W.D. Va. 1983) ....................................... 22

*Zablocki v. Merchs. Credit Guide Co.*, 968 F.3d 620 (7th Cir. 2020) ..................... 22

## **STATUTES**

15 U.S.C. § 1692a(5) ................................................................. 16, 18

15 U.S.C. § 1692a(6) ................................................................. 18, 25

15 U.S.C. § 1692c(a) ................................................................. 18

15 U.S.C. § 1692c(b) ................................................................. 18

15 U.S.C. § 1692d ................................................................... 15

15 U.S.C. § 1692e ................................................................... 15, 18

15 U.S.C. § 1692e(10) ............................................................... 16

Case No. 25-cv-05858

APPELLEE'S ANSWERING BRIEF

15 U.S.C. § 1692e(2)(A) ................................................................................. 16, 22

15 U.S.C. § 1692e(2)(B) .................................................................................. 22

15 U.S.C. § 1692e(5) ...................................................................................... 16

15 U.S.C. § 1692f................................................................................. 15, 16, 18

15 U.S.C. § 1692g ........................................................................................... 18

15 U.S.C. § 1692j ........................................................................................... 15

15 U.S.C.A. § 1692a ........................................................................... 16, 18, 25

28 U.S.C. § 1334............................................................................................... 1

28 U.S.C. § 157................................................................................................. 1

28 U.S.C. § 158(a)(1) ....................................................................................... 1

Cal. Bus. & Prof. Code § 17200, et seq............................................................ 4

Cal. Code Civ. Proc. § 425.16 .......................................................................... 4

Cal. Code Civ. Proc. § 425.16(a) ..................................................................... 2

## **RULES**

Fed. R. Bank. P. 7012(b) .............................................................................. 1, 8

Fed. R. Civ. P. 11 ..................................................................................... 4, 5, 7

Fed. R. Civ. P. 12(b)(6)........................................................................... passim

## I.    JURISDICTIONAL STATEMENT

Under 28 U.S.C. § 158(a)(1), a district court has jurisdiction to hear appeals from a final judgment, order, or decree entered by a bankruptcy judge in cases and proceedings referred to a bankruptcy judge under 28 U.S.C. § 157. In this matter appellant, Michael Scott Mogan, appeals from a bankruptcy judge's order in an adversary proceeding entitled *Mogan v. Sacks, Glazier, Franklin and Lodise LLP, et al.,* Case No. 23-00330, filed in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division. (Vol. 5, Appellant's Appendix ("AA") pp. 481-492, 566-583.[1]) Mogan brought the adversary proceeding under 28 U.S.C. § 157, and 1334. (5 AA 76, 174, 482.)

The order appealed from is a final order granting a Fed. R. Civ. P. 12(b)(6), and Fed. R. Bank. P. 7012(b) motion to dismiss appellant's second amended adversary complaint with prejudice for failure to state a claim. (5 AA 583.) Under 28 U.S.C. § 158(a)(1), the district court has jurisdiction over the order that is the subject of Mogan's appeal.

## II.    STATEMENT CONCERNING ORAL ARGUMENT

Appellees Sacks, Glazier, Franklin and Lodise LLP ("Sacks Glazier"), Klinedinst, P.C., and associate attorney Natasha Mayat, defer to the District Court as to whether oral argument is needed and appropriate in this matter, or whether the facts and legal arguments are adequately presented by the parties' briefs and the record

---

[1] Citations to the record will include the volume number followed by "AA" and the volume's page numbers. (E.g. citation to page 25, of volume 2, of the appellant's appendix will appear as 2 AA 25.)

designated by the parties to this appeal. Appellees ask that, if the District Court schedules this matter for oral argument, they be permitted to appear by remote appearance if such an accommodation is then available.

## III.  **PRELIMINARY STATEMENT**

The bankruptcy court gave appellant, Mogan, three attempts to plead a claim under the Fair Debt Collection Practices Act ("FDCPA") against appellees, Sacks Glazier, Klinedinst, and Klinedinst's associate attorney, Natasha Mayat. Every attempt ended with Mogan's failure to state necessary facts showing it was plausible that: (1) any appellee sought to collect a "debt" as that term is understood under the FDCPA; or (2) any appellee was a "debt collector" as that term is understood by the same act.

Mogan cannot amend his complaint to plead a viable FDCPA claim because: (1) the underlying debt is an award of attorneys' fees issued against Mogan by the federal district court for the Northern District of California, after dismissing Mogan's prior meritless SLAPP action against a client of Klinedinst P.C.[2] (5 AA 201-211); and (2) none of the appellees is engaged in the primary business, or regular practice, of collecting consumer debts. (5 AA 304-308, 574-577.) The lack of facts establishing the plausibility of either of these elements—despite three

---

[2] SLAPP is an acronym for Strategic Lawsuit Against Public Participation, and refers to lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. (See, e.g. Cal. Code Civ. Proc. § 425.16(a).)

pleading attempts—renders Mogan's claims against these appellees meritless. The case does not merit further proceedings.

The gravamen of Mogan's lawsuit is that attorney Mayat, an associate attorney for the Klinedinst firm, filed a proof of claim in Mogan's bankruptcy proceeding, that misidentified the name of the defendant that was awarded its attorneys' fees against Mogan in the prior California action. The defendant that was awarded its fees against Mogan was a law firm titled Sacks, Ricketts & Case LLP ("Sacks Ricketts"), along with two of its attorneys. (4 AA 152-153.) When attorney Mayat prepared the proof of claim, she mistakenly identified the creditor as Sacks, Glazier, an entirely different client of Klinedinst, instead of Sacks Ricketts. (*Id*.) When this scrivener's error was discovered, Mayat and Klinedinst, corrected the inadvertent misnomer, with apologies to the bankruptcy court. (4 AA 153.) As a matter of law, the facts alleged by Mogan here cannot support claim under the FDCPA against any of the appellees. This adversary proceeding is just the latest meritless action filed by Mogan. The bankruptcy court did not err when it granted the appellees' motion to dismiss with prejudice. The order should be affirmed.

## IV.  <u>STATEMENT OF THE CASE</u>

### A.  <u>Mogan sued Sacks Ricketts in the Northern District of California; the case was dismissed as a meritless SLAPP action, and the district court awarded Sacks Ricketts attorneys' fees against Mogan.</u>

In a prior action filed in the United States District Court for the Northern District of California (the "California action"), plaintiff and

appellant, Mogan, filed a complaint against Airbnb, Inc., Sacks Ricketts, and others. (5 AA 213-243). Mogan's California action alleged abuse of process, intentional infliction of emotional distress, intentional interference with prospective economic relations, civil conspiracy, a federal RICO violation, a RICO conspiracy, and unfair business practices in violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et seq.) Specifically, Mogan sued Sacks Ricketts and two of its attorneys, Michelle Floyd and Jacqueline Young, because they obtained a sanctions award against Mogan in an even earlier California state court action that Mogan—an attorney licensed in California and Illinois—filed on behalf of his client. (2 AA 193; 5 AA 215.)

In the California action, Sacks Ricketts and its two attorneys were represented by defendant and appellee, Klinedinst. (2 AA 191-192.) In response to Mogan's complaint in the California action, Sacks Ricketts and its attorneys filed a special motion to strike under California's anti-SLAPP law, Cal. Code Civ. Proc. § 425.16. (2 AA 193.) The district court granted the motion in January of 2022. (2 AA 278.) As prevailing parties under California's anti-SLAPP law, Sacks Ricketts and its attorneys were entitled to a mandatory award of fees and costs incurred in bringing the special motion to strike. (2 AA 193-194.) On February 11, 2022, they filed a motion in the California action, seeking attorneys' fees and costs. (2 AA 261-262.) On May 9, 2022, the district court in the California action granted the fee motion, (2 AA 271, 278-281), and awarded Sacks Ricketts and its two attorneys $16,399 in attorneys' fees. (2 AA 281.)

**B.** **Mogan filed for bankruptcy protection in the Northern District of Illinois, but then failed to obtain a stay of the California action.**

About one month after the district court in the California action granted Sacks Ricketts' anti-SLAPP motion, (2 AA 278), and within days of the filing and service of Sacks Ricketts' motion for attorneys' fees in the California action, (2 AA 261-262), but before the district court ruled on the fees motion, (2 AA 271, 278-281), Mogan filed a voluntary petition for bankruptcy under Chapter 13 of the Bankruptcy Code.[3] (2 AA 1, 36, 38.) Mogan then unsuccessfully tried to prevent the district court from ruling on the fees motion, by asserting the automatic stay provisions of the bankruptcy proceeding. The district court found that Mogan's bankruptcy filing had no bearing on the Court's authority to award attorneys' fees under Fed. R. Civ. P. 11 and California's anti-SLAPP statute. (2 AA 284.)

After Mogan appealed the anti-SLAPP rulings to the Ninth Circuit, he filed a similar motion to stay the appellate proceedings in light of his bankruptcy. (2 AA 285.) The Ninth Circuit denied the motion in June of 2023.

**C.** **Klinedinst and Mayat filed a proof of claim in Mogan's bankruptcy proceeding; the proof of claim**

---

[3] The case was converted to a Chapter 11 proceeding by order dated April 4, 2022. (2 AA 77.)

**misidentified the creditor as the Sacks Glazier firm**
**instead of the Sacks Ricketts firm.**

On November 28, 2022, Klinedinst attorney Mayat prepared and
filed a proof of claim in Mogan's bankruptcy proceeding, proof of claim
No. 7-1. (2 AA 105-107; 4 AA 152.) When preparing the proof of claim,
Mayat inadvertently listed Sacks Glazier as the creditor, rather than
Sacks Ricketts. (4 AA 152.) At the time Mayat prepared the original
proof of claim form, she had previously provided legal services to the
Sacks Glazier firm—a separate Klinedinst client—in an unrelated
matter. *Id*. The proper name of the creditor who should have been
identified on the original proof of claim is Sacks Ricketts. (4 AA 153.)
The remaining information on the form was accurately stated. The
amount of the claim was identical to the fee award issued against
Mogan in the California action, $16,399. (2 AA 106.) The debt was
correctly identified as an attorneys' fees obligation. *Id*. And the amount
matched the claim acknowledged by Mogan on his Form 104
bankruptcy schedules. (2 AA 78, 87.)

Mogan objected to the proof of claim, raising several issues. With
his initial objections, he included the objection that Sacks Glazier was
not a party to the California action. (2 AA 99.) In an amended objection,
Mogan repeated the assertion that Sacks Glazier was not a party to the
California action, along with other bases for objection, including the
failure to attach documentation of the claim to the form, and his
assertion that the district court did not have jurisdiction to award fees
in light of his bankruptcy proceeding. (2 AA 141-142.)

Mayat filed responses to Mogan's multiple objections, (2 AA 187-189, 255-257), but she initially failed to catch the erroneous identification of Sacks Glazier on the proof of claim. (4 AA 152-153.) It was not until after Mayat attended an October 11, 2023 hearing related to Mogan's objections to the proof of claim that Mayat realized, for the first time, that the proof of claim form identified the wrong firm as the creditor. (4 AA 153.)

Immediately after discovering the error on the document, Mayat promptly filed an amended proof of claim dated October 12, 2023, properly identifying Sacks Ricketts as the creditor. (3 AA 248-250; 4 AA 153.) She made no other substantive changes to the proof of claim. *Id.* Klinedinst also sought a court order in the bankruptcy proceeding, withdrawing Sacks Glazier's proof of claim No. 7-1. (4 AA 586.) The court granted the request in an order dated March 6, 2024. (4 AA 600.) The same order identified the claim of Sacks Ricketts, proof of claim 7-2, as the claim of record in the bankruptcy proceeding. *Id.*

**D.** **Mogan sued Sacks Glazier, Klinedinst, and Mayat based on the proof of claim that mistakenly identified the judgment creditor; after three failed pleading attempts, the bankruptcy court dismissed the action for failure to state a claim.**

**1.** **In response to a first 12(b)(6) motion to dismiss, Mogan attempted to amend his complaint.**

Instead of accepting that an inadvertent error had occurred, on June 25, 2023, Mogan initiated an adversary proceeding naming Sacks Glazier, Klinedinst, and Mayat as defendants. (2 AA 11.) His original

adversary complaint alleged a single count for violation of the FDCPA, against all three defendants. (5 AA 75-81.) It was based entirely upon the mistaken identification of Sacks Glazier as the creditor of the proof of claim filed in connection with the attorneys' fees award to the Sacks Ricketts firm in the California action. *Id.*

Sacks Glazier, Klinedinst, and Mayat filed a joint motion to dismiss the adversary proceeding under Fed. R. Civ. P. 12(b)(6) and Fed. R. Bank. P. 7012(b). In their motion, they argued that the $16,399 attorneys' fees award was not a consumer "debt" within the meaning of the FDCPA. (5 AA 93-96.) In addition, they argued that Mogan could not allege facts showing that any of them were "debt collectors" subject to the FDCPA. (5 AA 96-97.) After filing papers in opposition to the defendants' motion, (5 AA 147-161, 162-172), Mogan filed a first amended adversary complaint that again asserted a single count for violation of the FDCPA. (5 AA 173-180.)

> **2.  Mogan's first amended adversary complaint was dismissed with prejudice pursuant to Rule 12(b)(6), but leave to amend was later permitted.**

Mogan's first amended adversary complaint triggered a second motion to dismiss. (5 AA 183, 185-197.) Because Mogan's amended pleading was premised on the same set of underlying facts, Sacks Glazier, Klinedinst, and Mayat argued, again, that Mogan failed to state facts plausibly showing that any defendant was a debt collector within the meaning of the FDCPA, and failed to state facts plausibly showing that the alleged debt met the definition of a debt, as set forth in the act. *Id.*

Again, Mogan opposed the motion to dismiss, arguing that his allegations sufficiently alleged a claim under the FDCPA. (5 AA 247-261.) Again, he asserted that his pleading passed muster, or if it did not, that he should be given leave to amend because the court had not yet ruled on the motion to dismiss the original complaint before the first amended complaint was filed. (5 AA 261.)

After considering the moving and opposing papers, the bankruptcy court issued a sixteen-page memorandum opinion granting the appellees' motion and dismissing the action with prejudice, without leave to amend. (5 AA 297.) The bankruptcy court agreed that the amended pleading did not state facts that plausibly showed that any of the defendants was a debt collector within the meaning of the FDCPA. (5 AA 304-308.) It also agreed with appellees that the amended pleading did not allege that the debt was one subject to protection under the act. (5 AA 308-311.) Acknowledging that Mogan failed to address these same deficiencies raised in the prior motion in his amended pleading, the bankruptcy court denied Mogan leave to file an amended pleading. (5 AA 311-312, 313.)

Mogan then filed a Fed. R. Civ. P. 59(e) motion for relief from the dismissal order. In his motion, Mogan argued that each of the appellees was a debt collector under the FDCPA, because—in addition to his prior allegations—attorney Jonathan Cahill, another attorney at Klinedinst, but with no connection to this action, files various documents, and makes appearances for clients, in bankruptcy cases. (5 AA 322.) In addition, Mogan argued that he alleged the defendants filed a proof of

claim for a "nonexistent" debt, therefore he was not required to show that the nonexistent debt was a consumer debt. *Id.*

Defendants failed to file a timely opposition to Mogan's Rule 59(e) motion, so the bankruptcy court granted the unopposed motion, and permitted Mogan to file a second amended adversary complaint on or before October 16, 2024. (5 AA 363.) Although defendants were granted relief, in part, from their untimeliness, the bankruptcy court permitted the second amended complaint's filing to stand. (5 AA 496.)

### 3. Mogan's second amended adversary complaint was dismissed without leave to amend, and this appeal followed.

Mogan's second amended adversary complaint was, again, premised upon the same set of underlying facts surrounding the Sacks Ricketts proof of claim that misidentified the creditor as Sacks Glazier—i.e. proof of claim No. 7-1. (5 AA 481-492.) Again, Mogan's third pleading attempt alleged a single count for violation of the FDCPA. In an attempt to overcome the defects pointed out in the bankruptcy court's prior ruling dismissing the first amended adversary complaint, Mogan's amended pleading asserted, in conclusory form, that the Klinedinst firm operated a bankruptcy practice led by attorney Cahill, and therefore it was a firm that "regularly collected" debts. (5 AA 485.) Similarly, the pleading asserted, in conclusory form, that the debt referenced in the proof of claim was a "consumer debt as Defendants filed the proof of claim for a profit motive as Defendants were engaged in the business to seek such a profit." (5 AA 486.)

Sacks Glazier, Klinedinst, and Mayat again jointly moved to dismiss Mogan's pleading. (5 AA 498.) Addressing the new allegations, defendants argued that Mogan's latest pleading still did not pass muster because the facts alleged, and those subject to judicial notice, simply did not plausibly show that the attorneys' fees award was a debt subject to the protections of the FDCPA, nor did the facts plausibly show that any of the defendants was a debt collector within the meaning of the same act. (5 AA 505-521.) Appellees further argued that, having been given multiple attempts to plead a claim, Mogan's second amended pleading should be dismissed without further leave to amend. *Id.*

Mogan opposed the motion, arguing that the pleading now adequately alleged defendants were debt collectors, and that the debt was a consumer debt that would support an FDCPA claim. (5 AA 533.) Again, Mogan sought leave to amend if the bankruptcy court found the pleading was still insufficient. *Id.*

In another detailed order, the bankruptcy court once again addressed Mogan's repeated arguments. (5 AA 566-582.) Again, the court found that Mogan's pleading did not sufficiently meet the problems addressed in the Court's prior ruling, and overcome the failure to plausibly show that each of the appellees were debt collectors, or that the attorneys' fees award was a debt subject to the protections of the FDCPA. *Id.* Because Mogan's multiple pleading attempts failed to correct these problems, no further leave to amend was permitted. (5 AA 582.) The motion to dismiss was granted with prejudice. (5 AA 583.)

Mogan appeals from this ruling. (5 AA 584-585, 589-606.)

## V.   <u>SUMMARY OF THE ARGUMENT</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).) A "formulaic recitation of the elements of a cause of action will not do." *Id.*

To establish a claim under the FDCPA, a plaintiff must allege facts plausibly showing, among other things, that the alleged debt arises from a transaction entered for personal, family or household purposes, that defendants are debt collectors, and that defendants have violated a provision of the FDCPA." *Rawson v. Source Receivables Mgmt., LLC,* 215 F. Supp. 3d 684, 686 (N.D. Ill. 2016). Here, Mogan failed three attempts to plead facts showing it is plausible that the defendants are debt collectors, and that the debt that at issue was one protected under the FDCPA. Both of these failures are separate bases for affirming the bankruptcy court's dismissal with prejudice.

Finally, review of the denial of leave to amend generally employs the abuse of discretion standard. *O'Boyle v. Real Time Resols., Inc.*, 910 F.3d 338, 347 (7th Cir. 2018), citing *Huon v. Denton*, 841 F.3d 733, 745 (7th Cir. 2016). When reviewing the denial of leave to amend based on futility, reviewing courts will apply de novo the legal-sufficiency standard of Rule 12(b)(6) to determine if the proposed amended complaint fails to state a claim. *Naperville Smart Meter Awareness v. City of Naperville*, 900 F.3d 521, 525 (7th Cir. 2018); *Runnion v. Girl Scouts of Greater Chicago,* 786 F.3d 510, 524 (7th Cir. 2015). Leave to

amend would be futile, given the fact that Mogan has already received three chances to plead a valid FDCPA claim, and he could allege no facts establishing that a law firm's filing of an erroneous proof of claim based on an attorneys' fees award amounted to the improper collection of a consumer debt by a debt collector. The bankruptcy court did not err when it denied leave to file a third amended adversary complaint. The order should be affirmed.

## VI.  **STANDARD OF REVIEW**

A reviewing court will apply a de novo standard when examining a lower court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010), as amended (Dec. 16, 2010), citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir.2008). When evaluating the sufficiency of the complaint, a reviewing court will construe it in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in plaintiff's favor. *Id.* However, unsupported conclusions of fact and conclusions of law are not sufficient to withstand a motion to dismiss. *Cushing v. City of Chicago,* 3 F.3d 1156, 1160–61 n. 5 (7th Cir.1993); *Watters v. Harris*, 656 F.2d 234, 240 (7th Cir.1980).

The Supreme Court has described the bar that a complaint must clear for purposes of Rule 12(b)(6) as follows: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra*, 556 U.S. at 678 (quoting *Bell Atl. Corp., supra*, 550 U.S. at 555 (2007)). A "formulaic recitation of the elements of a cause of action will

not do." *Id*. Dismissal for failure to state a claim does not require an appearance, beyond a doubt, that a plaintiff can prove no set of facts in support of a claim that would entitle him to relief. *Id*. at 562-563 (abrogating *Conley v. Gibson,* 355 U.S. 41 (1957)). In other words, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. at 545. Mogan has failed to meet this pleading standard despite three pleading attempts. (5 AA 589-605.)

Further, review of the denial of leave to amend generally employs the abuse of discretion standard. *O'Boyle*, *supra*, 910 F.3d at 347, citing *Huon*, *supra*, 841 F.3d at 745. When a plaintiff has had no prior chance to amend, review for abuse of discretion becomes more rigorous. *Runnion, supra*, 786 F.3d 510 at 519. But when reviewing the denial of leave to amend based on futility, reviewing courts will apply de novo the legal-sufficiency standard of Rule 12(b)(6) to determine if the proposed amended complaint fails to state a claim. *Naperville Smart Meter Awareness*, *supra*, 900 F.3d at 525; *Runnion, supra*, 786 F.3d at 524. Here, Mogan was given three opportunities to plead a plausible FDCPA claim, but could not allege facts plausibly showing a proper debt within the meaning of the FDCPA, or that any of the appellees were debt collectors as the FDCPA defines the term. The bankruptcy court did not err when it denied Mogan a fourth pleading attempt.

## VII. <u>ARGUMENT</u>

In this appeal, Mogan concedes that it is his burden to establish, among other things, that: (1) he has been the object of collection activity

arising from a consumer debt; and (2) the defendant attempting to collect the debt qualifies as a debt collector under the FDCPA. (App. Op. Br., p. 11.) On his third pleading attempt, Mogan tried to allege violations of the FDCPA under 15 U.S.C. § 1692e and § 1692f.[4] (5 AA 490.) Under section 1692e "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," including using a "false representation of the

---

[4] In his brief, Mogan discusses a claim under 15 U.S.C. § 1692j, which holds persons who "design, compile, and furnish any form … liable to the same extent and in the same manner as a debt collector" if the know that the form would be used to create a false belief that someone other than the creditor is participating in debt collection, "when in fact such person is not so participating." For appellees to face a claim for relief under § 1692j, they "must have designed, compiled, and furnished the allegedly deceptive forms." *Guitierrez v. AT&T Broadband, LLC*, 382 f.3d 725, 735 (7th Cir. 2004). As the bankruptcy court aptly noted, there are no allegations in the second amended adversary complaint that would support such a claim for relief. None of the appellees is alleged to have designed, compiled, and furnished any allegedly deceptive form.

In addition, Mogan's brief discusses a claim under § 1692d. But that section identifies specific harassing conduct that includes the use, or threat of use, of violence or criminal means to harm the physical person, reputation, or property of a person, the use of obscene or profane language, the publication of a list of consumers who allegedly refuse to pay debts, the advertisement of a debt for sale to coerce payment, and the misuse of telephone calls. Mogan's second amended pleading is devoid of any such allegations.

Both alleged claims still require the collection of a consumer debt as the term is defined under the FDCPA. Section 1692d also requires action by a debt collector, as the term is defined under the act. 15 U.S.C. §§ 1692d and 1692f.

character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A), using a "threat to take any action that cannot legally be taken or that is not intended to be taken," *Id*. § 1692e(5), or using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id*. § 1692e(10). Section 1692f prohibits "unfair or unconscionable means to collect or attempt to collect" a debt. *Id*. § 1692f.

To establish a claim under any of these statutes, a plaintiff must allege facts plausibly showing, among other things, that the alleged debt arises from a transaction entered for personal, family or household purposes, that defendants are debt collectors, and that defendants have violated a provision of the FDCPA." *Rawson, supra*, 215 F. Supp. 3d at 686. Here, Mogan failed three attempts to plead facts showing it is plausible that the defendants are debt collectors, and that the debt at issue met the definition under the FDCPA.

## A.    <u>Mogan cannot allege facts showing that the attorneys' fees award is a debt as defined by the FDCPA.</u>

Under the FDCPA, "the term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). The attorneys' fees award that was the subject of proof of claim 7-1, (which mistakenly identified Sacks Glazier instead of Sacks Ricketts), is the alleged debt at issue in each of Mogan's pleadings. (5 AA 201-211.) But an attorneys' fees award is

simply not a "debt" under the FDCPA, and can never plausibly be considered such a debt.

The provisions of the FDCPA limit its reach to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services. *Spiegel v. Kim,* 952 F.3d 844, 846 (7th Cir. 2020) (quoting *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.,* 111 F.3d 1322, 1326 (7th Cir. 1997)).

"To state a claim under [the FDCPA], a plaintiff, who has the burden of proof on each element of the cause of action, must demonstrate that the debt in question arises out of a transaction incurred for personal, family, or household purposes." *Burton v. Kohn Law Firm, S.C.,* 934 F.3d 572, 579 (7th Cir. 2019). The Seventh Circuit explains that a plaintiff seeking to establish a claim under the FDCPA "must ... establish that the debt was a consumer debt: in other words, that the debt was incurred for personal, family, or household purposes." *Id.* at 580.

The Seventh Circuit established a two-part test for determining whether money owed qualifies as a debt for purposes of the FDCPA. See *Berman v. GC Servs. Lim. P'Ship,* 146 F.3d 482, 484-485 (7th Cir. 1998). Under the first part of the test, a court must ascertain whether the obligation to pay arises from "a consensual transaction, where parties negotiate or contract for consumer-related goods or services." *Id.* Only if that answer is "yes" must the court move to the second part and determine whether the debt was owed primarily for personal, family, or household purposes. *Id.*

The Seventh Circuit's holding in *Spiegel, supra*, 952 F.3d at 846, is instructive. There, in an underlying state court action, attorney Kim successfully obtained an award of attorneys' fees in excess of $700,000 against Spiegel, following the dismissal of a slew of meritless actions brought by Spiegel after he was removed as the president of his condominium's homeowner association. *Id.* at 845. In response, Spiegel filed a new action in federal court, invoking section 1692e and 1692f of the FDCPA, and alleging that Kim's pursuit of the fee award constituted an unfair debt collection practice. *Id.* Kim successfully moved for judgment on the pleadings, asserting that the attorneys' fees award was not a debt within the meaning of the FDCPA. *Id.* The district court agreed, and the Seventh Circuit affirmed. *Id.* at 846-847.

The *Spiegel* court acknowledged that the FDCPA would apply to Spiegel's claims "only if what Kim sought to recover through his state court complaint constitute[d] a "debt" within the meaning of the statute. *Spiegel*, 952 F.3d at 846, citing *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010) (interpreting 15 U.S.C. §§ 1692a(6), 1692c(a)–(b), 1692e, 1692g). The reviewing court concluded, "the fit is not there" on any fair reading of the complaint. *Id.* The court reasoned:

> The attorneys' fees that Kim sought did not "aris[e] out of" a consumer transaction as Congress employed that requirement in defining "debt." See 15 U.S.C. § 1692a(5). To be sure, Kim's complaint asked the state court to impose a financial obligation on Spiegel by requiring him to pay fees. But in determining whether Kim's demand qualifies as a "debt," "[t]he crucial question is the legal source of the obligation." *Franklin v. Parking Revenue Recovery Servs., Inc.*, 832 F.3d 741, 744–45 (7th Cir. 2016). By its terms, "the

> FDCPA limits its reach to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1326 (7th Cir. 1997) (emphases added). That limitation explains why a thief's obligation to pay for stolen goods is not a debt under the FDCPA, see *id.*, nor is a municipal fine levied on a property owner, see *Gulley v. Markoff & Krasny,* 664 F.3d 1073, 1075 (7th Cir. 2011) (per curiam).

*Spiegel*, 952 F.3d at 846. The *Spiegel* court found there was "no doubt" the attorneys' fees Kim pursued in state court fell outside the FDCPA as well. *Id.* It rejected the idea that Spiegel's obligation arose from a consensual transaction. After rejecting the argument that the obligation arose, indirectly, from Spiegel's contract to purchase his condominium, the court concluded, "put most simply, any nexus between the financial demand lodged in the state court litigation and a consumer transaction is way too remote to satisfy what Congress required in the FDCPA for an obligation to qualify as "debt." *Spiegel*, 952 F.3d at 846.

Here, as appellees previously explained to the bankruptcy court, on the first prong, under no circumstance could an attorney fee award under California's anti-SLAPP statute amount to a "debt" under the FDCPA because it "does not stem from a consensual transaction." *Gulley, supra*, 664 F.3d at 1075; see also, *Beal v. Himmel & Bernstein, LLP,* 615 F.Supp.2d 214, 216-217 (S.D.N.Y. 2009) (the judicially-ordered sanction to pay legal fees to a litigation adversary is not a debt under FDCPA); *Fleming v. Pickard,* 581 F.3d 922, 925 (9th Cir.2009) (FDCPA does not apply where a defendant attempts to collect state-court judgment for damages resulting from tortious conduct). Mogan

failed to plead facts establishing a plausible claim that the "debt" at issue, which arose from the fee award in the California action, could give rise to an FDCPA claim. Mogan never pleaded facts showing that the debt arose from a *consensual* transaction, where the parties negotiated or contracted for consumer-related goods or services. Failing to show this, the pleading failed to state any plausible claim under the FDCPA.

Nor could Mogan plausibly allege facts showing that the attorneys' fees award against him in the California action could meet the second prong of the two-part test, because a fee award is not a debt for personal, family, or household purposes. To the contrary, the attorneys' fees award here was the result of a lawsuit that Mogan (a licensed attorney) filed on his own behalf (as the sole plaintiff) against Sacks Ricketts and others, in which Mogan asserted one claim against Sacks Ricketts for the manner in which Sacks Ricketts defended an underlying lawsuit that Mogan filed on behalf of his client against Airbnb Inc. and three Airbnb employees. (5 AA 215-223.) Further, the attorneys' fees award here was the result of a successful anti-SLAPP motion filed by Klinedinst on behalf of Sacks Ricketts. (5 AA 201-211.) Nothing about the fee award plausibly suggests it was a debt incurred for personal, family, or household purposes.

### 1. Mogan cannot avoid his obligation to establish a debt within the meaning of the FDCPA by asserting a "phantom debt."

On appeal, as in the bankruptcy court, Mogan again argues that he is relieved of his obligation to plead a plausible debt falling within

the protection of the FDCPA because he has alleged the debt was non-existent, or a "phantom" debt. This is not the law.

Where a plaintiff maintains that the underlying debt was not his, he can nonetheless claim FDCPA protection by showing that the debt collector treated him as a "consumer" allegedly *owing a consumer debt. Burton, supra*, 934 F.3d at 580 (emphasis added), citing *Loja v. Main St. Acquisition Corp.*, 906 F.3d 680, 684 (7th Cir. 2018). A plaintiff proceeding under this theory still must plausibly show that the debt was a consumer debt: in other words, that the debt was the result of a consumer transaction, and incurred for personal, family, or household purposes. *Id*. See also, *Arora v. Midland Credit Mgmt. Inc.,* No. 15-CV-6109, 2022 U.S. Dist. LEXIS 79739, 2022 WL 1262081, at *3 (N.D. Ill. Feb. 7, 2022) ("Even though Arora claims that the underlying debt was not his, he can nonetheless claim FDCPA protection.... To do so, Arora must offer evidence establishing that the Subject Debt is a consumer debt, i.e., a debt that was incurred primarily for personal, family, or household purposes. If he does not, he cannot reach trial on his FDCPA claims."); and see *Parham v. Seattle Serv. Bureau, Inc.*, 224 F. Supp. 3d 1268, 1269, 1272 (M.D. Fl. 2016) (holding that plaintiff failed to state a claim under the FDCPA where he did not allege that the debt arose out of a consensual transaction, but instead alleged that the defendant "fabricated the existence of a debt that it claimed arose out of an automobile accident").

Mogan's allegations that the appellees attempted to collect a non-existent fee award does not change the fact that he has not pleaded, and cannot plead, facts plausibly showing that appellees attempted to

collect a debt arising from a consumer obligation. The second amended adversary complaint concedes just the opposite, that the debt (i.e. the proof of claim), was allegedly, "a nonexistent attorney fee obligation on the face of the Proof of claim 7-1…." (5 AA 487.) Given the facts alleged, as well as the facts subject to judicial notice, it is simply implausible to conclude that Mogan could ever allege facts showing that the debt that underpins his lawsuit is a proper debt that would support an FDCPA claim.

**2. Mogan's strained interpretation of the term "consumer" cannot be relieve him from alleging a debt under the FDCPA.**

As he argued before the bankruptcy court, Mogan again seems to assert on appeal that he is relieved from the obligation of alleging a debt under the FDCPA based on a strained argument that he is a "consumer" under the act. Again, the argument ignores the FDCPA's definition of the term "debt" which is analyzed on a per-transaction, rather than a per-creditor, basis. *Zablocki v. Merchs. Credit Guide Co.*, 968 F.3d 620, 623 (7th Cir. 2020). Indeed, not only would Mogan's argument run directly contrary to Seventh Circuit authority on the subject, but the decisions he discuss do not even address whether the debts at issue fell under the FDCPA. (5 AA 486; see *West v. Costen*, 558 F. Supp. 564 (W.D. Va. 1983) ("section 1692e(2)(A) and (B) does not protect only consumers; rather, it is designed to discourage certain debt collection practices."); *Dutton v. Wolhar*, 809 F.Supp. 1130, 1133 (D.Del. 1992) ("Because the demand letter was sent to plaintiff's father, rather than plaintiff himself, defendants' argument continues, plaintiff has not

been alleged to owe the debt and is, therefore, not a 'consumer.'"); *Flowers v. Accelerated Bureau of Collections*, 1997 U.S. Dist. LEXIS 3354 at **20, 23 ("if a collector directs abusive debt collection practices towards an individual, that individual may bring an action under the FDCPA.") The cases Mogan relies upon address a scenario in which the assumed debt collector defendant seeks to collect on an assumed consumer debt, but directs its attentions not at the actual debtor, but at some third party it wrongly believes to be the debtor. Here, to the contrary, Mogan was clearly the subject of the underlying attorneys' fees award. He is the debtor. Rather, it was the *creditor*—i.e. Sacks Ricketts—who was mistakenly misidentified on the proof of claim as Sacks Glazier. (2 AA 105.) None of the cases that Mogan seeks to rely upon would support his relief from the obligation to plausibly allege facts showing that the debt at issue in his adversary complaint met the definition of a debt under the FDCPA, simply because the proof of claim form identified the wrong entity as a creditor.

Finally, Mogan's second amended pleading alleged that the "fact that a claim arising out of a transaction by plaintiff as a consumer is cast in terms of a tort or statutory violation rather than breach of contract does not deprive plaintiff as the consumer of the protection of the FDCPA when defendants as collection lawyers asked plaintiff as the consumer to pay such amount." (5 AA 488.) The allegation, which cites *Brown v. Budget Rent-A-Car Systems, Inc.,*119 F.3d 922 (11th Cir. 1997), is an improper legal conclusion that fails to address the authority discussed above, requiring an FDCPA plaintiff to allege facts plausibly showing a debt that meets the definition of the FDCPA. E.g. *Berman v.*

*GC Services Ltd. Partnership*, 146 F.3d at 485-486; *Spiegel v. Kim,* 952 F.3d at 486-487.

    The *Brown* decision upon which Mogan relies, held *only* that a defendant's "assertion that [plaintiff] is obligated *as a result of a consumer transaction* suffices to bring the obligation within the ambit of the FDCPA." *Brown*, *supra*,119 F.3d at 924 (emphasis added). Again, Mogan has not alleged facts establishing a plausible "consumer transaction" under the FDCPA. *Brown* involved a debt incurred under a car rental agreement. *Id*. The question on appeal in *Brown* was whether or not a "debt" required the extension of credit. *Id*. Relying in large part on *Bass*, *supra*, 111 F.3d at 1322 (7th Cir.1997), the *Brown* court concluded the act did not require an extension of credit, and remanded the case for further proceedings. *Brown*, *supra*, 119 F.3d at 925. The case does not support Mogan's argument that he is relieved from the obligation to plead facts plausibly showing a consumer debt, simply because the proof of claim here demanded the payment of money. "Not all obligations of a consumer to pay money arising out of a transaction are "debts" under the [FDCPA]." *Berman*, *supra*, 146 F.3d at 485. That is the case here, with the obligation to pay attorneys' fees awarded by a California district court in a prior action. *Spiegel*, *supra*, 952 F.3d at 486-487.

    Because the attorneys' fees award that is the subject of the proof of claim is not a "debt" under the FDCPA, the second amended adversary complaint in this action was properly dismissed. This reviewing Court does not need to go any further in its analysis, and can

affirm the dismissal on this basis alone. However, as discussed below, the action was also properly dismissed on the separate ground that Mogan failed to plausibly show that any of the defendants met the definition of a debt collector under the FDCPA.

## B. **Mogan cannot allege facts showing that any defendant is a debt collector under the FDCPA.**

Section 1692a(6) of the FDCPA defines the term "debt collector" to mean, "any person who uses any instrumentality of interstate commerce or the mails in any business the *principal purpose* of which is the collection of any debts, or *who regularly collects or attempts to collect*, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a (emphasis added). As discussed above, the act defines the term "debt" to mean, "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes…." *Id.* In 1995, the Supreme Court of the United States held, in *Heintz v. Jenkins,* 514 U.S. 291, 299 (1995), that the FDCPA applies to, "attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation. *Id.* at 299.

Here, Mogan's second amended adversary complaint alleged that Sacks Glazier was a debt collector because it attempted to collect a debt by filing the proof of claim, (claim 7-1), that gave rise to this action, in addition to other filings in support of the proof of claim. (5 AA 483.) Mogan alleged that Klinedinst was a debt collector because it attempted

to collect the same debt by the filing of the proof of claim, (claim 7-1) identifying Sacks Glazier as the creditor, (which it later amended to claim 7-2, correcting the proof of claim to identify Sacks Ricketts as the creditor). (4 AA 451-452, 595-596; 5 AA 483.) Mogan alleged Mayat was a debt collector because she filed the proof of claim, (as well as the amended proof of claim). *Id.* Mogan also alleged that Klinedinst attorney Servais also appeared in the bankruptcy proceeding on behalf of Sacks Glazier, in connection with the same claim. (5 AA 484-485.) Both claims pertained to the same underlying obligation—the attorneys' fees award. Finally, Mogan alleged that Klinedinst operated a bankruptcy practice, led by attorney Cahill, who is "extremely well-versed in bankruptcy law, and has defended against bankruptcy litigation, alleged violations of the automatic stay, discharge [sic] injunction [sic], and confirmed plan terms." (5 AA 485.)

Although no allegations connect Cahill to Mogan's bankruptcy proceeding, or the $16,399 proof of claim giving rise to Mogan's single count, the second amended adversary complaint further alleges that Cahill has, "advised clients on a national level regarding bankruptcy law and procedure, provided guidance to local counsel, negotiated claim treatment stipulations, mediation of bankruptcy disputes, and sales of real property." (5 AA 485.) Without more, Mogan's pleading then concludes, "Thus, Defendants Klinedinst PC's [sic] and Natasha Mayat regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.*

The bankruptcy court properly rejected these allegations as not sufficient to plausibly allege that appellees were debt collectors within

the meaning of the FDCPA. (5 AA 574-577.) The bankruptcy court properly found that a plaintiff was required to plead factual content that would allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678. The bankruptcy court concluded that these allegations were not sufficient to support a reasonable inference that appellees engaged in business the principal purpose of which is debt collection. Nor did the second amended adversary complaint allege facts that would support the reasonable inference that the appellees regularly collect or attempt to collect consumer debts covered by the FDCPA. (5 AA 577.) This conclusion is consistent with the law.

"To be a 'debt collector' under the FDCPA entails engaging in some affirmative conduct with regard to collecting a debt, as evidenced by the statute's use of active verbs." *Schlaf v. Safeguard Props., LLC,* 2017 U.S. Dist. LEXIS 161807, at *6 (N.D. Ill. Aug. 29, 2017). The debt collection work cannot be a one-off situation. There must be facts alleged in the complaint plausibly showing that each of these appellants were "attorneys who 'regularly' engage in *consumer*-debt-collection activity. *Heintz*, 514 U.S. at 299 (emphasis added).

None of the above allegations allow a reviewing court to conclude that Sacks Glazier is a debt collector under the FDCPA. As the bankruptcy court noted, the only allegation relating to this appellee is that it attempted to collect "a debt" by filing one proof of claim, and that it filed a response in opposition to Mogan's claim objection. (5 AA 575-576.) Even taking this conclusory allegation in the light most favorable to Mogan, a court cannot draw a reasonable inference that the principal

purpose of Sacks Glazier's business in the collection of consumer debts, or that the firm regularly collects such debts. *Id.*

Similarly, the bankruptcy court properly noted that if the attempts of Klinedinst and Mayat to collect the one debt that is the subject of Mogan's FDCPA claim were sufficient to find that a defendant is a debt collector, then the definition of "debt collector" would be meaningless. (5 AA 576.) "Every defendant who attempted to collect one [consumer] debt would be a debt collector.[5] *Id.*

Further, the allegations upon which Mogan relies are mostly speculation and conclusion, which this Court "need not accept it as true for purposes of deciding a motion to dismiss." *Jeffries v. Wells Fargo Bank, NA*, No. 10-CV-5889, 2011 WL 5023396, at *5 (N.D. Ill. Oct. 19, 2011) ("Although Jeffries alleges that 'all defendants are debt collectors,' this Court is not required to accept conclusory allegations as true"). Allegations generally referring to bankruptcy work *might* relate to collection activities, but it is insufficient to plead allegations "'merely consistent with' a defendant's liability." *Ashcroft, supra*, 556 U.S. at 678.

Despite three pleading attempts, Mogan failed to allege that any appellee "regularly initiate[s] offensive litigation that seeks the collection of [consumer] debt owed to others." *Blanton v. RoundPoint Mortg. Servicing Corp.*, 825 F. App'x 369, 372 (7th Cir. 2020). Even if a

---

[5] Of course, as discussed above, Mogan has failed to allege facts giving rise to any inference that the attorneys' fees award is plausibly a consumer debt. So, in effect, he has failed to allege even the attempted collection of a single consumer debt protected by the FDCPA.

law firm's "website did refer to consumer collection matters, the pleading would be insufficient if the website did not mention how often its lawyers participated in those collection matters." *Id.* at 373. Mogan's allegations also do not show that any defendant marketed itself as having consumer debt collection expertise, or that it regularly engaged in such activity. *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertollotti*, 374 F.3d 56, 62-63 (2d Cir. 2004).

Further, the allegation that one attorney at Klinedinst handles aspects of Chapter 11 bankruptcy, is "extremely well-versed in bankruptcy law, and has defended against bankruptcy litigation," does not show any of the appellees here "regularly tries to obtain payment of consumer debts through legal proceedings [and] is a lawyer who regularly 'attempts' to 'collect' those consumer debts." *Heintz*, *supra*, 514 U.S. at 294. The general description of one attorney's bankruptcy practice is not sufficient. In fact, the allegations "set forth conclusions supporting nothing more than that attorney Cahill leads Klinedinst's full service restructuring practice without any factual basis supporting whether the practice relates to consumer or commercial parties, or whether such practice is regularly focused on transactional or enforcement work." (5 AA 577.)

In addition to making conclusory and speculative allegations, Mogan's second amended adversary complaint failed to allege facts regarding the volume of the attorneys' "alleged debt collection practice" or "the frequent use of a particular debt collection letter, [or] whether there exists a steady relationship between the attorney[s] and the creditor, or whether the [law firms have] personnel specifically assigned

to work on [consumer] debt collection activity." *Heller v. Graf*, 488 F. Supp. 2d 686, 693 (N.D. Ill. 2007) (law firm not a debt collector where it issued 14 collection letters in the span of one month).

Mogan's third pleading attempt failed to raise a plausible inference that defendants were debt collectors within the meaning of the FDCPA. *Sanchez v. Jackson*, 2016 U.S. Dist. LEXIS 160776, at *9 (N.D. Ill. Nov. 21, 2016). The bankruptcy court did not err when it dismissed Mogan's second amended adversary complaint with prejudice.

### C. **Mogan failed to show that he could amend his pleading to state a claim under the FDCPA, based on a law firm's filing of a proof of claim that mistakenly identified the wrong law firm as a creditor.**

"Leave to amend need not be granted where the proposed amendment would not result in the plaintiff succeeding in stating a viable legal claim." *Spiegel, supra*, 952 F.3d at 847, citing *Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 354 (7th Cir. 2017). Here, the bankruptcy court was correct to see that, following three prior failed attempts to plead a valid claim under the FDCPA, further amendment would not correct the fatal defects with Mogan's pleading.

On a fundamental level, Mogan's FDCPA claim against Sacks Glazier, Klinedinst, and Mayat failed as a matter of law, based on the fact that Mogan's claim was grounded in a demand for payment of an attorneys' fees obligation that can never be considered a consumer debt under the act. Mogan was given three opportunities to plead facts showing that the debt that was pursued against him by the appellees

was a debt that would support an FDCPA claim. He failed to state those facts at any time. Similarly, Mogan was given three separate chances to plead facts that would plausibly show the appellees were debt collectors subject to the FDCPA. Again, following three separate pleading attempts, Mogan failed to make such a showing.

As the bankruptcy court noted, "There comes a point at which further amendment would be futile." (5 AA 582.) As discussed above, there is no showing that Mogan can amend his complaint to state a legally valid FDCPA claim. As in *Spiegel*, Mogan here does no more on appeal that repeat his incorrect contention that the appellees improperly filed a proof of claim to recover an award of attorneys' fees. See, *Spiegel*, *supra*, 952 F.3d at 847. Nowhere, however, does Mogan explain how those fees constitute a "debt" under the FDCPA's limited and consumer-protection-focused definition of that term. *Id*. The bankruptcy court's order denying further leave to amend, and dismissing Mogan's second amended adversary complaint with prejudice, should be affirmed.

## VIII. <u>CONCLUSION</u>

Appellant Mogan cannot state a plausible claim for violation of the FDCPA, where he fails to allege facts plausibly alleging that the appellees are debt collectors within the meaning of the FDCPA, seeking to collect a debt within the meaning ascribed by the same act. At its core, this lawsuit seeks to impose liability under the FDCPA based on an allegation that an associate attorney filed a proof of claim in Mogan's bankruptcy proceeding, that misidentified the name of the defendant that was awarded its attorneys' fees against Mogan in a prior California

action. The facts simply fail, as a matter of law, to support a claim under the FDCPA. Further amendment would be futile.

Appellees, Sacks Glazier, Klinedinst, and Mayat, ask this court to affirm the bankruptcy court's order dismissing Mogan's second amended complaint with prejudice, and without further amendment. Appellees further ask this court to award it costs as the party prevailing on the appeal.

Dated: July 29, 2025

Respectfully submitted,

By: /s/*Robert M. Shaughnessy*

Daniel S. Agle
Robert M. Shaughnessy

## <u>CERTIFICATION OF INTERESTED PARTIES AS</u>
## <u>REQUIRED BY BAP RULE 8010(a)-1(b)</u>

The undersigned certifies that the following parties have an interest in the outcome of this appeal. These representations are made to enable judges of the Panel to evaluate possible disqualification or recusal:

| | |
|---|---|
| Michael Mogan | Appellant |
| Sacks, Glazier, Franklin and Lodise LLP | Appellee |
| Klinedinst P.C. | Appellee |
| Natasha Mayat | Appellee |

Dated: July 29, 2025

Respectfully submitted,

By: /s/Robert M. Shaughnessy

Daniel S. Agle
Robert M. Shaughnessy
Attorney for Appellees SACKS,
GLAZIER, FRANKLIN and
LODISE LLP, KLINEDINST, P.C.
and NATASHA MAYAT

## <u>CERTIFICATION OF RELATED CASES AS</u>
## <u>REQUIRED BY BAP RULE 8010(a)-1(c)</u>

The undersigned certifies that there are no known related cases and appeals.

Dated: July 29, 2025

<div style="margin-left: 40%;">

Respectfully submitted,

By: /s/Robert M. Shaughnessy
_____
Daniel S. Agle
Robert M. Shaughnessy
Attorney for Appellees SACKS,
GLAZIER, FRANKLIN and
LODISE LLP, KLINEDINST, P.C.
and NATASHA MAYAT

</div>

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 8015,</u>
## <u>FRAP RULE 32(a)(7), FRAP RULE 32(g) and CR 32(c)</u>

The undersigned certifies that the foregoing Appellees' Answering Brief complies with the type-volume limitation of Bankruptcy Rule 8015 because it contains 8,590 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

The undersigned further certifies that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P.32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Century Schoolbook font.

Dated: July 29, 2025

Respectfully submitted,

By: /s/Robert M. Shaughnessy

Daniel S. Agle
Robert M. Shaughnessy
Attorney for Appellees SACKS,
GLAZIER, FRANKLIN and
LODISE LLP, KLINEDINST, P.C.
and NATASHA MAYAT

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on July 29, 2025 have

caused the foregoing **APPELLEES' ANSWERING BRIEF**, to be filed

and served upon counsel of record through the Court's electronic service

system (ECF/CM) as follows:

<u>Via Electronic Service</u>

Michael Mogan
Law Office of Michael Mogan
4803 N. Milwaukee Ave., Suite B, Unit #244
Chicago, Illinois 60630
mm@michaelmogan.com
P: (773) 799-8477
ARDC #6297222
Attorneys for Appellant Michael Mogan

U.S. Bankruptcy Court, Clerk
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604
ilnb_appeals@ilnb.uscourts.gov

Honorable David D. Cleary
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chambers 648
Chicago, IL 60604
david_cleary@ilnb.uscourts.gov

<u>Via U.S. Mail</u>

Jeffrey P. Allsteadt
U. S. Bankruptcy Court

219 South Dearborn Street
Chicago IL 60604

 

_____

Catherine Bond

26763634.1

APPELLEE'S ANSWERING BRIEF