### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL MOGAN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. 1:25 C 5858 |
| | ) | |
| SACKS, GLAZIER, FRANKLIN, AND | ) | Judge Rebecca R. Pallmeyer |
| LODISE, LLP; KLINEDINST, PC; and | ) | |
| NATASHA MAYAT | ) | |
| | ) | |
| Appellee. | | |

### MEMORANDUM OPINION AND ORDER

After a California federal judge awarded monetary sanctions against Attorney Michael Mogan for filing a frivolous claim, Mogan sought bankruptcy protection in the Northern District of Illinois. Representing the firm that had won the sanctions award, the Klinedinst, PC law firm filed a proof of claim in the bankruptcy court, but mistakenly misidentified the creditor. Mogan characterizes this conduct as a violation of the Fair Debt Collection Practices Act ("FDCPA"), and brought an adversary action against both the Klinedinst firm, the mistakenly-named creditor, and the individual attorney who filed the proof of claim. Appellee moved to dismiss that claim under FED. R. CIV. P. 12(b)(6) and FED. R. BANKR. P. 7012(b), and Bankruptcy Judge David D. Cleary granted the motion, concluding that Mogan's allegations do not state a claim under the FDCPA. Mogan appeals that decision pursuant to 28 U.S.C. § 158(c)(1)(B). For the reasons stated here, this court affirms the bankruptcy court's ruling.

### BACKGROUND

This case originates from a series of legal disputes in California in which Mogan, an attorney licensed to practice in both California and Illinois, was involved as counsel. (App. [13-5] at 116.) In 2019, attorneys from Sacks, Ricketts & Case LLP ("Sacks Ricketts") successfully filed a petition for sanctions against Mr. Mogan stemming from his conduct in a California state court action where Sacks Ricketts was a named defendant. (Id. at 221.) Mr. Mogan appealed

the sanctions award, but the California Court of Appeals upheld it.  (*Id*.)  The California Supreme Court denied review.  (*Id*.)

Mogan then filed a complaint in the U.S. District Court for the Northern District of California in 2021, naming attorneys from Sacks Ricketts, among others, as defendants.  (*Id.* at 114–44.)  He raised numerous claims, including abuse of process, intentional infliction of emotional distress, intentional interference with prospective economic relations, civil conspiracy, a federal RICO violation, and a RICO conspiracy. (*Id*.)  In 2022, Sacks Ricketts moved to dismiss Mr. Mogan's federal complaint and sought attorneys' fees under the California Anti-SLAPP law, CAL. CODE CIV. PROC. § 425.16.  (App. [13-2] at 193.)  The Sacks Ricketts defendants prevailed: the federal court in the Northern District of California dismissed the case, and awarded Sacks Ricketts $16,399 in attorney fees.  (*Id.* at 211.)  *See also Mogan v. Sacks, Ricketts & Case LLP*, No. 21-CV-08431-TSH, 2022 WL 1458518, at *7 (N.D. Cal. May 9, 2022), *aff'd*, No. 22-15254, 2023 WL 2983577 (9th Cir. Apr. 18, 2023).  Shortly thereafter, on February 22, 2022, Mr. Mogan filed for bankruptcy in this district under Chapter 13 of the Bankruptcy Code.  (App. [13-2] at 36–41.)  On April 4, 2022, the bankruptcy judge granted Mogan leave to convert his case to a Chapter 11 bankruptcy proceeding.  (App. [13-2] at 77.)

Sacks Ricketts sought to collect on its sanctions award and retained counsel—the law firm of Klinedinst, P.C. ("Klinedinst")—to prepare and file a proof of claim in the bankruptcy proceeding in the amount of the $16,399 attorneys' fee award.  But things went wrong: when Attorney Natasha Mayat of the Klinedinst firm filed a proof of claim on November 28, 2022, she mistakenly misidentified the creditor:  the proof of claim named, as creditor, not Sacks Ricketts but another Klinedinst client, the similarly-named law firm of Sacks, Glazier, Franklin and Lodise LLP ("Sacks Glazier").  (App. [13-2], at 105–07.)    Mogan acknowledged his debt to Sacks Ricketts, but objected to the proof of claim on the basis that he has no attorneys' fees obligation to Sacks Glazier.  (*Id.* at 100–02.)

2

Evidently still unaware of her mistake, Attorney Mayat initially challenged Mogan's objection (using the shorthand "Sacks" to refer to her client). (*Id.* at 187–189.) It was only after a court hearing on the claim, on October 11, 2023, that Ms. Mayat realized her error. (Appellee's Answer [16] at 13.) Two days later, Ms. Mayat filed a proof of claim listing Sacks Ricketts as the creditor, and attempted to amend her earlier proof of claim. (App. [13-4] at 595–96.) The Klinedinst firm did not ask leave to withdraw the original (mistaken) proof of claim, however, until several months later, on February 27, 2024; the court granted that motion on March 6, 2024. In the meantime, however, on October 26, 2023, Mogan filed an adversary claim under the FDCPA against the Klinedinst firm, Ms. Mayat, and Sacks Glazier. (App. [13-2] at 14, 20.) Specifically, he alleged that Sacks Glazier, Klinedinst, and Mayat were attempting to collect a non-existing debt from him in violation of the FDCPA's fair-debt collection requirements, which prohibit the use of "false, deceptive, or misleading representation[s]" in connection with the "collection of any debt." (App. [13-5] at 75–81); 15 U.S.C. § 1692e.

Sacks Glazier, Klinedinst, and Mayat moved to dismiss. They argued that Mr. Mogan had not sufficiently alleged that the attorneys' fee award at issue was a "debt", or that defendants were "debt collectors" within the definitions outlined in the FDCPA. A round of briefing and an amended complaint followed (App. [13-5] at 92–98, 173), and Defendants again moved to dismiss. (*Id.* at 185–197.) The bankruptcy court agreed with Defendants that Mr. Mogan had not shown that Defendants were "debt collectors" within the meaning of the FDCPA, or that the attorney's fees obligation at issue qualified as a "debt." (App. [13-5] at 303–312.) A second amended complaint met the same fate. (App. [13-5] at 481, 566–83.) This appeal followed.

## DISCUSSION

### I.      Standard of Review

This court has jurisdiction over Mr. Mogan's appeal pursuant to 28 U.S.C. § 158(a)(1). Acting as an appellate court, the district court reviews a bankruptcy court's "determinations of law de novo and findings of fact for clear error." *Wiese v. Cmty. Bank of Cent. Wis.*, 552 F.3d 584,

588 (7th Cir. 2009) (citing *In re ABC-Naco, Inc.*, 483 F.3d 470, 472 (7th Cir. 2007)). A bankruptcy court's Rule 12(b)(6) dismissal of an adversary complaint "presents an issue of law that [the court] review[s] *de novo." In re Consol. Indus.*, 552 F.3d 584, 716 (7th Cir. 2004). "[W]here the bankruptcy code commits a decision to the discretion of the bankruptcy court," such as a judge's decision regarding leave to amend a filing, the district court "review[s] that decision only for an abuse of discretion." *Wiese*, 552 F.3d at 588 (citing *Matter of Fortney*, 36 F.3d 701, 707 (7th Cir. 1994)); *see also* FED. R. BANKR. P. 7015 (incorporating FED. R. CIV. P. 15).

## II. Analysis

Mr. Mogan's Complaint alleges that Appellees violated the FDCPA by attempting to collect money that Mr. Mogan does not owe to Sacks Glazier, thus violating the FDCPA's prohibition of deceptive debt collection practices. The bankruptcy court dismissed Mr. Mogan's Complaint on the basis that he failed to make a sufficient showing (1) that the obligation at issue was a qualifying "debt" under the FDCPA, or (2) that Appellees are "debt collectors" as defined in the statute. The court reviews these determinations de novo.

When seeking redress under the FDCPA, a plaintiff has the "burden of proof on each element of the cause of action." *Burton v. Kohn L. Firm, S.C.*, 934 F.3d 572, 579 (7th Cir. 2019). To state a claim, the plaintiff need not provide "detailed factual allegations." *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). Rather, he need only demonstrate that his complaint is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Despite several opportunities—in both this court and the bankruptcy court—Mr. Mogan has failed to plead sufficient "factual content that [would] allow[] the court to draw the reasonable inference" that the attorneys' fees obligation at issue here falls within the scope of the FDCPA. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The FDCPA was enacted to protect consumers from "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692. To achieve its stated purpose, Congress limited the applicability of the Act to consumer debts, defined as those "arising out of a transaction in which

4

the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." *Id.* § 1692a. Thus, the threshold question here is whether the attorneys' fee award that Appellees sought to recover constitutes a "debt" within that definition.

In making that determination, the Seventh Circuit has emphasized that "the crucial question is legal source of the obligation." *Spiegel v. Kim*, 952 F.3d 844, 846 (7th Cir. 2020) (quoting *Franklin v. Parking Revenue Recovery Servs., Inc.*, 832 F.3d 741, 744–45 (7th Cir. 2016)). *Spiegel* originated in a state court case that Spiegel filed against his condominium association. After a protracted legal battle, the association prevailed, and its attorney, Mr. Kim, sought an award of attorney's fees as a sanction for Spiegel's baseless filings in the state court. 952 F.3d at 845. Spiegel responded by bringing suit in federal court, where he alleged that in applying for attorney's fees, Kim violated the FDCPA. The district court dismissed the case, and the Seventh Circuit affirmed, rejecting Spiegel's argument that the attorneys' fees Kim sought to collect qualified as a "debt" under the FDCPA. *Id.* at 847.

Reasoning that because "[b]y its terms, the FDCPA 'limits its reach to those obligations to pay arising from *consensual* transactions, where parties negotiate or contract for *consumer-related goods or services*,'" the Seventh Circuit held that Spiegel's attorneys' fee obligation did not fit within the scope of the act for two reasons. *Id.* at 846 (quoting *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.,* 111 F.3d 1322, 1326 (7th Cir. 1997)). First, the court found that the fee obligation arose out of Spiegel's "alleged wrongdoings as a board member, not from a consensual consumer transaction within the meaning of the FDCPA." *Id.* And second, the court rejected Spiegel's attempt to connect his fee obligation to his purchase of his condominium—a traditional consumer transaction as understood by the Act—as "too remote." *Id.*

*Spiegel* is instructive here. As in that case, Mogan's attorneys' fee obligation did not arise out of a consensual transaction. Rather, the alleged obligation was imposed by a court order. (App. [13-2] at 281.) *See Gulley v. Markoff & Krasny*, 664 F.3d 1073, 1075 (7th Cir. 2011)

(affirming a conclusion reached by numerous district courts that "a fine does not stem from a consensual transaction and thus is not a debt under the FDCPA"); *Beal v. Himmel & Bernstein, LLP*, 615 F. Supp. 2d 214, 217 (S.D.N.Y. 2009) (finding that judicially-ordered sanctions requiring a party to pay attorneys' fees to an opposing party do not constitute "debt" under the FDCPA). And Mr. Mogan has failed to make out any connection—even a remote one—between the obligation at issue here and a "personal, family, or household purpose[]." 15 U.S.C. § 1692a; *cf. Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477, 481 (7th Cir. 1997) (finding that past-due assessments to a homeowners association could be considered a "debt" under the FDCPA because the obligation to pay the assessments arose directly from their personal purchase of a condominium). Mr. Mogan points to 15 U.S.C. § 1692f, which regulates the collection of "expense[s] incidental to the principal obligation," including (arguably) attorneys' fees, as a possible source of relief. (Appellant's Br. [14] at 52.) But he nevertheless fails to identify a principal consumer transaction to which these fees can be considered incidental. *Cf. Shula v. Lawent*, No. 01 C 4883, 2002 WL 31870157, at *8 (N.D. Ill. Dec. 23, 2002), *aff'd*, 359 F.3d 489 (7th Cir. 2004) (finding that "court costs," including attorney's fees, could constitute a debt where they are "related to [an] underlying consumer transaction"). Mr. Mogan has therefore failed to state a facially plausible claim for relief under the FDCPA.[1] The bankruptcy court correctly granted Appellee's Rule 12(b)(6) motion to dismiss.

Mogan urges that various subsections of the FDCPA offer him relief because they apply to "*any* debt" and therefore their protections are "not limited to 'consumers.'" (Appellant's Br. [14] at 14, 47 (emphasis added).) The court reads this argument as a contention that the use of the

---

[1]     Because Appellant has failed to state a plausible claim as to how the disputed obligation qualifies as a "debt," the court need not address whether Appellees can be considered "debt collectors" within the meaning of the FDCPA. The court recognizes, however, that false statements in a proof of claim (presumably including, as happened here, mis-identification of the creditor) may indeed violate the FDCPA. *See e.g.*, *In re Avalos*, 531 B.R. 748, 755 (Bankr. N.D. Ill. 2015) (denying defendant's motion to dismiss because filing a proof of claim on a time-barred debt could violate the FDCPA); *In re Edwards*, 539 B.R. 360, 364 (Bankr. N.D. Ill. 2015) (same).

word "any" broadens the definition of debt outlined in § 1692a. But that reading is not supported by the plain language of the statute. "Any debt" is expansive only to the things that qualify as "debt" in the first place—that is, as defined in § 1692a, obligations for consumer transactions, taken on for "personal, family, or household purposes." Mogan's attempts to fit a square peg into a round hole are unpersuasive, and he cites no authorities that support his creative reading.

Mogan also challenges the bankruptcy court's decision to dismiss his case with prejudice, but this court concludes that this ruling, too, was well-supported. "Leave to replead need not be allowed in cases of 'repeated failure to cure deficiencies by amendments previously allowed.'" *Stanard v. Nygren*, 658 F.3d 792, 801 (7th Cir. 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962). Mogan sought leave to amend his pleading to provide a basis for the conclusion that Klinedinst qualifies as a "debt collector" under the FDCPA. (Appellant's Br. [14] at 53–54.) But, because the fee award is not a "debt" within the meaning of FDCPA, a finding that Klinedinst is a debt collector would not change things. *Spiegel v. Kim*, 952 F.3d at 847 ("Leave to amend need not be granted where the proposed amendment would not result in the plaintiff succeeding in stating a viable legal claim.") It was well within the discretion of the bankruptcy judge to deny Mogan's request to amend his complaint for the third time.

## CONCLUSION

The bankruptcy court's judgment is AFFIRMED.

ENTER:

Dated: January 26, 2026

REBECCA R. PALLMEYER
United States District Judge